Joseph Rosicato, Plaintiff, v. Vincent Manera et al., Defendants.

Supreme Court, Special Term, Queens County, August 25, 1948.

*Samuel Gellman* for plaintiff.

*Henry S. Salamon* for Queensboro Iron Works, Inc., intervener.

Hallinan, J.   A subcontractor moves to intervene in an action which the plaintiff — as general contractor — brought to foreclose a mechanic's lien.   That action has already been tried and the general contractor awarded the sum of $7,000, out of which the four other subcontractors are to be paid the total sum of $3,647.09, leaving a balance of $3,352.91 for the general contractor.   This sum, the movant contends, includes the amount to which it is entitled — the sum of $2,158.35.

The general contractor opposes the application solely on the ground that the movant's lien has expired and that it no longer has an interest in the real property involved, and that in any event, the amount of its claim is disputed.

Section 36-a of the Lien Law provides, in substance, that money in the hands of a contractor constitutes trust funds for the payment of claims of subcontractors, architects, engineers, surveyors, laborers and materialmen arising out of the improvement and any contractor who applies or consents to the application of such funds for any other purpose and fails to pay the claims mentioned is guilty of larceny and punishable therefor under the Penal Law.   (*People* v. *Gillette,* 177 Misc. 702.)   It

further provides that such trust may be enforced by civil action. By amendment effective September 1, 1942 (L. 1942, ch. 808, § 4), it is now provided that such civil suit may be maintained "by any person entitled to share in the fund, *whether or not he shall have filed, or had the right to file, a notice of lien or shall have recovered a judgment for a claim arising out of the improvement*" and that for the purpose of such action "the trust funds shall include the right of action upon an obligation for *moneys due or to become due* to a contractor, as well as moneys actually received by him." (Italics supplied.)

It seems clear, therefore, that under the provisions of section 36-a of the Lien Law, as amended, the moving subcontractor may have a right to impress a trust upon that portion of the judgment in this action which will run in favor of the plaintiff, the general contractor. Accordingly, it will be permitted to intervene with respect to the moneys due or which will become due to the plaintiff, as general contractor, under the judgment to be entered in this action and the action may be severed with respect thereto.

Settle order on notice.