Charles Margett, J.
This is an action by a contractor to foreclose a mechanic’s lien. The plaintiff filed a lis pendens on August 25, 1960 and all lienors who had filed liens prior to the latter date were named as party defendants. The action was tried on November 7, 1960; judgment was rendered on November 21, 1960; the foreclosure sale was advertised and the property was sold on December 16, 1960 to the plaintiff who thereupon transferred the property to the Cullman Holding Corp., a corporation organized and financed by the joined lienors. On February 9, 1961, the latter contracted to sell the property to Federated Homes, Inc., one of the mortgagees, for a sum which equaled 50% of the amount adjudged to be owed to the lienors plus $1,500 to take care of expenses incurred. Title was closed on February 28, 1961, at which time $1,513.52 in cash was paid and a purchase-money mortgage was delivered for the balance.
Another contractor, Benny S. Bagonesi and Thomas Bagonesi doing business as B & T Bagonesi, which was not a party to the action and which filed a lien on September 26, 1960 which was after the lis pendens was filed but before the action was tried, moves to intervene and be made a party defendant in the action nunc pro tunc as of November 1, 1960. The applicant *799 alleges that its first knowledge of the action was on the day following the foreclosure sale, that prior to that date it had actively participated in creditors’ conferences and anticipated that a settlement would be reached ‘£ to the mutual advantage of all concerned ” and that it did not make this motion immediately after the foreclosure sale because at that time the attorney for the plaintiff herein indicated that it was possible ££ something could be worked out by way of B & T Bagonesi’s sharing, along with its co-lienors who had been joined in the action, in the fund which would result from the foreclosure sale.” It appears that the parties voluntarily permitted another colienor to join the action after the judgment was rendered, but prior to the foreclosure sale.
Inasmuch as the applicant herein did not file its lien prior to the filing of the lis pendens, it was not one of those parties designated by section 44 of the Lien Law as necessary to an action to enforce a lien against real property and it “ is bound by all proceedings taken in the action after the filing of the notice, to the same extent as if [it] was a party” (Civ. Prac. Act, § 121). An application to be added as a party may be made under section 62 of the Lien Law ££ up to and including the day preceding the day on which the trial of such action is commenced ” but this application was not made until more than four months after the trial of the action. While the applicant’s contention that it lacked actual knowledge of the pending action may be true, inasmuch as there was a lis pendens on file it had constructive knowledge of the action (Civ. Prac. Act, § 121).
The applicant’s contention that the fund realized from the sale of the property constitutes a trust for its benefit under sections 70 and 71 of the Lien Law is without merit. Both Rosicato v. Manera (192 Misc. 607) and Matter of Gerosa Haulage & Warehouse Corp. v. Prospect Iron Works (197 N. Y. S. 2d 936) relied upon by the applicant, are distinguishable in that in each of these cases the fund was in the hands of a contractor and the person seeking to intervene was a subcontractor of that contractor. In the instant case, the lienors who were parties to the action and the applicant herein are all coeontractors. Inasmuch as the amount realized from the sale is substantially less than the liens of the contractors already in the action which are in no way subordinate to the applicant’s lien, such contractors cannot be said to be holding a fund as trustees for the benefit of the applicant. Moreover, section 79 of the Lien Law, which is in the same article as the sections relied upon by the applicant, specifically states that: ££ Nothing in this article shall prevent the enforcement of any lien as provided in articles *800 two and three of this chapter and neither such lien nor any satisfaction obtained thereby, shall be deemed a diversion of trust assets or an unauthorized preference.”
Accordingly, it is clear that the applicant’s sole remedy would have been under section 62 of the Lien Law, timely application for which was not made. The motion is denied.