RSJ CONSTRUCTION CORP., on Behalf of Itself and All Others Similarly Situated, Plaintiff, v GENERAL CONTRACTING CORP. et al., Defendants.

Supreme Court, Saratoga County, January 5, 1989

**APPEARANCES OF COUNSEL**

*Couch, White, Brenner, Howard & Feigenbaum (Mark W.*

*Couch* of counsel), for plaintiff. *Cooper, Erving, Savage, Nolan & Heller (Robert G. Wakeman* of counsel), for Springs Associates, defendant. *Richard M. Meyers* for Miron Lumber Co., Inc., defendant. *Rosch & Rosch (Hugh G. Burke* of counsel), for McKenzie Drywall, Inc., defendant. *Hancock & Estabrook (John T. Casey, Jr.,* of counsel), for Marine Midland Bank, N. A., defendant.

### OPINION OF THE COURT

LOREN N. BROWN, J.

This action was commenced by the plaintiff, a subcontractor of General Contracting Corp., against General Contracting, the Springs Associates, a partnership owning a partially completed housing development, the individual partners in the Springs Associates, other lienors and certain individuals allegedly responsible for violating a trust established under the State's Lien Law. The complaint, *inter alia,* seeks to recover damages under its contract with General Contracting, and damages for improperly invading the statutory trust fund provided for by article 3-A of the Lien Law.

Albany Miron Lumber Corp. (hereinafter Albany Miron), which is not formally a party to the action, possesses judgments by confession against the partnership, and James J. Murphy. The affidavit confessing judgment was signed for the partnership by James J. Murphy, 1 of 4 partners, and received by Albany Miron on September 20, 1987. Based upon the judgments obtained by confession, Albany Miron caused an execution of the judgments in the form of a Sheriff's execution sale of the property owned by the Springs Associates. On December 19, 1988, on application by the plaintiff, the court granted a temporary restraining order enjoining the sale until further order. Albany Miron now challenges the delay of the sale, and seeks permission to go forward.

A central issue before the court is whether the real property, as improved, may be considered a trust asset, pursuant to article 3-A of the Lien Law, not subject to levy by Albany Miron as the individual property of a trustee. (Lien Law § 72 [2].)

Section 70 (5) of the Lien Law, in pertinent part, defines a trust asset of the owner as trustee, here Springs Associates, as:

"the funds received by him and his rights of action for payment thereof * * *

"(b) under a building loan mortgage".

In this case, the partnership received funds from a lending institution for the purpose of financing construction of a housing development. The Lien Law clearly makes the funds so received an asset of the statutorily imposed lien trust. The fact that the money received to finance the project was converted into real property is of no moment. The trust fund merely changed its character from a liquid asset to real estate, but it remained the fund.* The case of *Lakeville Mfg. Co. v Herman Homes* (28 Misc 2d 798, *affd* 14 AD2d 551), relied upon by Albany Miron, is factually distinguishable.

Though the foregoing discussion leads to a conclusion, as a matter of law, that the property is not subject to levy, a second issue should be addressed.

Section 20 (3) of the Partnership Law provides that, absent approval from all partners, one partner cannot bind the other partners or the partnership by confessing judgment on behalf of the partnership. Three of the partners, Lawrence J. La-Belle, Dennis C. Franklin and Bernard C. Zippern, have signed an affidavit stating that they have never consented to the judgment. On the other hand, Albany Miron alleges that the partners, through silence, may have ratified the action of James Murphy.

While it may be argued that Mr. LaBelle had knowledge of the confession, and may have ratified the action, there is no demonstration that Zippern or Franklin even knew of the confession. They could not ratify an action of which they had no knowledge. *(Holm v C.M.P. Sheet Metal,* 89 AD2d 229.) Without a demonstrated consent or approval of the confession of judgment, Albany Miron's judgment against the partnership would be void, and, of course, not a basis for a levy against partnership's property.

Based upon the foregoing, the court will enjoin the sale of the property pursuant to the execution of Albany Miron's judgments.

---

* [1] While section 70 of the Lien Law refers to funds, ordinarily denoting money or other liquid assets *(State v Finney,* 141 Kan 12, 40 P2d 411), section 2 (19) of the Lien Law expands the definition of funds to include real estate. By so defining funds, the Legislature plainly intended to include real property purchased with trust funds as a trust asset.