■ JOSE LUNA, Appellant, v GLADYS LUNA, Respondent. [691 NYS2d 913] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated July 28, 1998, as denied his motion for leave to enter a judgment upon the defendant's default in appearing and answering.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's verified complaint was conclusory in nature and failed to contain any factual allegations constituting the claim. As a result, the Supreme Court properly denied the plaintiff's motion for leave to enter a judgment upon the defendant's default in appearing and answering (*see, Matter of Dyno v Rose,* 260 AD2d 694; *St. Paul Fire & Mar. Ins. Co. v Eastmond & Sons,* 244 AD2d 294). Mangano, P. J., Santucci, Krausman, Florio and H. Miller, JJ., concur.

■ GEORGE MAKHOUL, Appellant, v 115 96TH STREET HOLD-ING CORP. et al., Defendants, and RTC MORTGAGE TRUST 1995 S/N1, Respondent. [692 NYS2d 725] —In an action, *inter alia,* to foreclose a mechanic's lien, the plaintiff appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated February 3, 1997, which granted the motion of the defendant RTC Mortgage Trust 1995 S/N1, *inter alia,* to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211.

Ordered that the order is affirmed, with costs.

The plaintiff's mechanic's lien, recorded in November 1995, was subordinate to the mortgage lien as the mortgage was recorded six years earlier (*see, W.L. Dev. Corp. v Trifort Realty,* 44 NY2d 489). Moreover, the mechanic's lien was recorded some 3½ years after the filing of the notice of pendency by the predecessor-in-interest of the defendant RTC Mortgage Trust 1995 S/N1. Pursuant to CPLR 6501, one whose incumbrance is recorded after the filing of a notice of pendency is bound by all proceedings taken in the action after the filing to the same extent as a party (*see, Polish Natl. Alliance v White Eagle Hall Co.,* 98 AD2d 400, 404; *Lakeville Mfg. Co. v Herman Homes,* 28 Misc 2d 798, 799, *affd* 14 AD2d 551). Accordingly, the Supreme Court properly granted the respondent's motion.

The plaintiff's remaining contentions are without merit. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.