■ JOSEPH MARINO, Appellant, v MARIE TERMINI et al., Respondents. (Action No. 1.) JOSEPH MARINO, Appellant, v MARIE TERMINI et al., Respondents. (Action No. 2.) [771 NYS2d 537]— In two related actions, inter alia, to recover damages for fraud, the plaintiff appeals, as limited by his brief, from (1) stated portions of an order of the Supreme Court, Kings County (Barasch, J.), dated July 25, 2002, which, among other things, denied his motion for leave to enter a judgment against the defendants in Action No. 2 upon their alleged default in answering, and so much of an order of the same court dated September 12, 2002, as granted, without opposition, that branch of the cross motion of the defendant Guy Giuliano which was to the dismiss the complaint pursuant to CPLR 3211 (a) (7) and (8) insofar as asserted against him in Action No. 2.

Ordered that the appeal from the order dated September 12, 2002, is dismissed, as no appeal lies from an order entered upon the default of the aggrieved party (*see* CPLR 5511); and it is further,

Ordered that the order dated July 25, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The plaintiff did not oppose the defendant Guy Giuliano's cross motion, inter alia, to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (8). No appeal lies from an order entered upon the default of the appealing party (*see Adamson v Evans,* 283 AD2d 527 [2001]). Thus, the appeal from the order dated September 12, 2002, must be dismissed.

Moreover, under the facts of this case, the Supreme Court properly denied the plaintiff's motion for leave to enter a judgment upon the alleged default of the defendants in Action No. 2 (*see Luna v Luna,* 263 AD2d 470 [1999]).

The plaintiff's remaining contentions are without merit. Altman, J.P., Cozier, Mastro and Rivera, JJ., concur.