■ ROBERT PHILLIP, Respondent, v DORON ZANANI, Appellant, et al., Defendant. [903 NYS2d 747]—

In an action for a judgment declaring, in effect, that certain real property is free and clear of a judgment lien asserted by the defendant Doron Zanani, the defendant Doron Zanani appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Kramer, J.), dated May 27, 2009, which granted the plaintiff's renewed motion for summary judgment and declared that the plaintiff is the sole owner of the subject property, and that the defendant Doron Zanani has no interest in the property and that the lien docketed against the property on February 7, 2005, is extinguished.

Ordered that the order and judgment is affirmed, with costs.

In December of 2000, the plaintiff and the defendant Casey White purchased certain real property as tenants in common. In October of 2002, the plaintiff brought an action against White, inter alia, to partition the property (hereinafter the partition action), and filed a notice of pendency dated October 10, 2002, in connection with the partition action. The defendant Doron Zanani represented White in the partition action, and subsequently obtained a judgment against White for unpaid legal fees. Zanani docketed the judgment against White with the Kings County Clerk on February 7, 2005. The notice of pendency filed by the plaintiff in connection with the partition action ensured that Zanani, whose judgment was recorded after the fil-

ing of the notice of pendency, was bound by all of the proceedings in the partition action to the same extent as if Zanani had been a party to that action (*see* CPLR 6501; *Novastar Mtge., Inc. v Mendoza*, 26 AD3d 479 [2006]; *Makhoul v 115 96th St. Holding Corp.*, 263 AD2d 470 [1999]). Therefore, the Supreme Court properly granted the plaintiff's renewed motion for summary judgment and made the appropriate declaration. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.