U.S. Bank Trust, N.A. v Belizaire (2025 NY Slip Op 06353)

U.S. Bank Trust, N.A. v Belizaire

2025 NY Slip Op 06353

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2021-06817
2021-06818
 (Index No. 603005/16)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Kerlie Belizaire, appellant, et al., defendants. Ronald D. Weiss, P.C., Melville, NY, for appellant.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis A. Levithan and Max Saglimbeni of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the defendant Kerlie Belizaire appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated August 31, 2021. The first order, insofar as appealed from, denied that defendant's motion to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated August 22, 2018, and to dismiss the complaint insofar as asserted against her, and granted that branch of the plaintiff's cross-motion which was to amend the order and judgment of foreclosure and sale. The second order, insofar as appealed from, denied the same relief to the defendant Kerlie Belizaire, granted the same relief to the plaintiff, and amended the order and judgment of foreclosure and sale to reflect the total amount due as the sum of $1,055,583.26.
ORDERED that the appeals from so much of the orders as granted that branch of the plaintiff's cross-motion which was to amend the order and judgment of foreclosure and sale are dismissed; and it is further,
ORDERED that the orders are affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On August 15, 2006, the defendant Kerlie Belizaire (hereinafter the defendant) executed a note in the sum of $565,000, which was secured by a mortgage on certain residential property located in Suffolk County. In February 2016, the plaintiff commenced this action, inter alia, to foreclose the mortgage against, among others, the defendant. The defendant interposed an answer in which she asserted various affirmative defenses. Settlement conferences were held on May 23, 2016, and July 27, 2016, after which the action was released from the settlement conference part.
In an order dated October 2, 2017, the Supreme Court granted the plaintiff's unopposed motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference and referred the matter to a referee to compute [*2]the amount due to the plaintiff. In an order and judgment of foreclosure and sale dated August 22, 2018, the court granted the plaintiff's unopposed motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. However, due to, inter alia, subsequent motion practice, no foreclosure sale was conducted in 2018 or 2019.
In a letter dated March 30, 2020, the plaintiff's loan servicer offered the defendant the opportunity to enter into a trial period plan (hereinafter the TPP). The letter provided, among other things, that if the defendant made an initial payment of $12,000, followed by six monthly payments of $4,829.20 starting on May 1, 2020, and ending on October 1, 2020, and submitted all of the required documents, then the loan would be permanently modified.
In May 2021, the defendant moved to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her, arguing, inter alia, that the plaintiff's acceptance of her payments after the entry of the order and judgment of foreclosure and sale mandated vacatur of the order and judgment of foreclosure and sale and dismissal of the complaint insofar as asserted against her. In support of her motion, the defendant submitted, among other things, her affidavit and copies of her bank statements and a cashier's check for $12,000.
The plaintiff cross-moved, inter alia, to amend the order and judgment of foreclosure and sale to reflect the payments made by the defendant after the order and judgment of foreclosure and sale was entered. In support of its cross-motion, the plaintiff submitted, among other things, an affidavit from Anthony Younger, an employee of its servicer and attorney-in-fact, as well as records of the payment history for the loan. Younger averred that the defendant made a lump sum payment of $12,000 and six payments of $4,829.20, which totaled $40,975.20, but thereafter, the defendant stopped making payments and the parties did not enter into a permanent loan modification agreement.
In an order dated August 31, 2021, the Supreme Court, inter alia, denied the defendant's motion and granted that branch of the plaintiff's cross-motion which was to amend the order and judgment of foreclosure and sale to reflect the payments made by the defendant after the entry of the order and judgement of foreclosure and sale. In a second order dated August 31, 2021, the court, among other things, denied the same relief to the defendant, granted the same relief to the plaintiff, and amended the order and judgment of foreclosure and sale to reflect the payments made by the defendant after the entry of the order and judgment of foreclosure and sale. The defendant appeals from both orders.
The appeals from so much of the orders as granted that branch of the plaintiff's cross-motion which was to amend the order and judgment of foreclosure and sale must be dismissed. The defendant did not oppose the plaintiff's cross-motion, and no appeal lies from an order entered upon the default of the appealing party (see CPLR 5511; HSBC Bank USA, N.A. v Simms, 163 AD3d 930, 932; Marino v Termini, 4 AD3d 342).
Pursuant to CPLR 5015(a), a court that rendered a judgment or order may relieve a party from it upon such terms as may be just, upon the grounds of excusable default; newly discovered evidence; fraud, misrepresentation, or other misconduct of an adverse party; lack of jurisdiction to render the judgment or order; or reversal, modification, or vacatur of a prior judgment or order upon which it is based (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d 691, 692). "In addition to the grounds set forth in [CPLR] 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d at 68; see Nash v Port Auth. of N.Y. & N.J., 22 NY3d 220, 226; Legal Servicing, LLC v Gomez, 229 AD3d 785, 786). However, "[a] court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect" (Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739, 742 [alteration and internal quotation marks omitted]; see Legal Servicing, LLC v Gomez, 229 AD3d at 786; JPMorgan Chase Bank, N.A. v Dev, 176 AD3d at 692-693; CitiMortgage, Inc. [*3]v Maldonado, 171 AD3d 1007, 1008).
Here, the defendant failed to articulate a basis for vacating the order and judgment of foreclosure and sale pursuant to CPLR 5015(a) and failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur in the interests of substantial justice (see Legal Servicing, LLC v Gomez, 229 AD3d at 787; CitiMortgage, Inc. v Maldonado, 171 AD3d at 1009; Nationstar Mtge., LLC v Russo, 167 AD3d 913; see also US Bank N.A. v Burgan, 233 AD3d 421, 423). Although the record reflects that the defendant made all of the payments required by the TPP, the TPP included additional prerequisite conditions to the execution of a loan modification agreement, for which there is no evidence of compliance (see Capital One, N.A. v McComb, 180 AD3d 743, 744). Moreover, the record reflects that the parties did not enter into a permanent loan modification agreement after the TPP, the defendant did not make any additional payments after October 1, 2020, and the Supreme Court granted that branch of the plaintiff's cross-motion which was to amend the order and judgment of foreclosure and sale to reflect the payments made after the order and judgment of foreclosure and sale was entered.
The defendant's contention that the plaintiff failed to act in good faith in contravention of CPLR 3408(f), raised for the first time on appeal, is not properly before this Court (see U.S. Bank N.A. v Seepersaud, 207 AD3d 499, 501). The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's motion to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against her.
DILLON, J.P., CONNOLLY, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court