■ ENNA PACK, Respondent, v EDITH SALDANA et al., Appellants.—Order of the Supreme Court, New York County (Charles E. Ramos, J.), entered on May 9, 1990, which granted defendants' motion to dismiss unless plaintiff's attorney pays $300 costs on the motion, is unanimously modified on the law to the extent of granting outright defendants' motion to dismiss, without costs and disbursements.

This is an action for personal injuries and property damage allegedly sustained by plaintiff on January 25, 1987 as the result of a collision between plaintiff's motor vehicle and that owned and operated by defendants. A summons and complaint was served on April 27, 1987, but defendants failed to submit an answer within the required time period and apparently not thereafter, so plaintiff could have procured a default judgment pursuant to CPLR 3215 (a). However, plaintiff took no further action despite the fact that subdivision (c) of CPLR 3215 states that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed."

On January 26, 1990, defendants moved to dismiss the complaint as abandoned. Plaintiff thereafter cross-moved for permission to file *nunc pro tunc* proof of service of summons and complaint. The court granted defendants' motion unless plaintiff's attorney paid $300 costs on the motion and prior to the filing of the affidavit of service of the summons and complaint within twenty days after service of a copy of the order with notice of entry thereon. The court also extended defendants' time to answer by providing them with twenty days to do so after the filing of the foregoing notice. However, the court should have granted defendants' motion unconditionally. Plaintiff's failure to enter judgment within one year of defendants' default in appearing renders her action subject to dismissal in the absence of sufficient cause *(Perricone v City of New York,* 62 NY2d 661). Here defendants were in default for more than two and one-half years. Since plaintiff's papers do not contain either an affidavit of merit or provide any reasonable excuse for not attempting to enter a default judgment within one year, her complaint should have been dismissed as abandoned under CPLR 3215 (c) *(Taylor v Edison Parking Corp.,* 128 AD2d 605; *see also, Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685). Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.