■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO LEE, Appellant. [648 NYS2d 299] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered June 30, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7$^1$/$_2$ to 15 years, unanimously affirmed.

Defendant's unpreserved claim (*People v Fleming*, 70 NY2d 947) that the trial court improperly admitted evidence of uncharged drug sales is without merit. The testimony complained of related to defendant's intent to sell, provided background information, was inextricably interwoven with the crimes charged, and its probative value outweighed any prejudice (*People v Rodriguez*, 224 AD2d 346) in that the contemporaneous sales "carried relatively little suggestion of general criminal propensity" (*People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). The prosecutor's summation comments concerning the uncharged transactions were directly responsive to defense arguments and otherwise proper. Defendant's contention that the court's instructions effectively shifted the burden of proof is also unpreserved (*People v Jackson*, 76 NY2d 908) and without merit. The charge, when viewed as a whole, conveyed the appropriate principles of law (*People v Cubino*, 222 AD2d 346, *affd* 88 NY2d 998; *People v Warren*, 76 NY2d 773). We have considered defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.