■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE WIGGINS, Appellant. [665 NYS2d 847] —Judgment, Supreme Court, Bronx County (Eugene Oliver, J.), rendered February 22, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's challenges to the People's summation and the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find that the summation remarks do not warrant reversal (see, People v Halm, 81 NY2d 819), and that the charge, read as a whole, conveyed the proper standards as to the People's burden of proof (see, People v Lee, 232 AD2d 244, lv denied 89 NY2d 986). Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.

■ ST. PAUL FIRE & MARINE INSURANCE COMPANY, as Subrogee of NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Appellant, v A.L. EASTMOND & SONS, INC., et al., Respondents, et al., Defendants. [664 NYS2d 448] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about September 27, 1996, which denied plaintiff's motion for a default judgment and deemed defendants' answer timely served, unanimously affirmed, with costs.

The submission of plaintiff, as subrogee of its insured, in support of the application, was conclusory and based upon an attorney's representation to plaintiff subrogee, and thus utterly devoid of evidentiary value. Accordingly, plaintiff failed to satisfy the requirement of CPLR 3215 (f) that a party seeking to enter a default judgment submit "some firsthand confirmation of the facts" (Joosten v Gale, 129 AD2d 531, 535; see also, Feffer v Malpeso, 210 AD2d 60). In these circumstances, it was a proper exercise of discretion to deem the answer served so that the action would be disposed of on the merits. Concur—Milonas, J. P., Rosenberger, Rubin, Williams and Colabella, JJ.