■ JEFFREY RITZER, Appellant, v 6 EAST 43RD STREET CORP. et al., Respondents. [850 NYS2d 55]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered September 7, 2006, which, in an action by a construction worker against the construction site's owner and general contractor for personal injuries allegedly sustained in a fall from a scaffold, denied plaintiff's motion for a default judgment as against the site owner, and granted defendants' cross motion to compel plaintiff's acceptance of their amended answer, unanimously affirmed, without costs.

Plaintiff's affidavit in support of his motion for a default judgment, which states only that "I was caused to fall from an elevated work location, sustaining serous injuries," is plainly insufficient "to enable a court to determine that a viable cause of action exists" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 288-289 [2003]). Plaintiff's complaint, which was verified by his attorney, may not be considered as proof of the facts constituting his claims (*Beltre v Babu*, 32 AD3d 722, 723 [2006]), and in any event is similarly deficient. Concerning defendants' cross motion, it appears that both defendants were served on September 12, 2005 pursuant to Business Corporation Law § 306; proof of service was filed on September 15, 2005; the general contractor served an answer on December 5, 2005; plaintiff moved for the default judgment against the site owner on May 22, 2006; and an amended answer joining the site owner was served on May 23, 2006. We note a letter dated April 10, 2006, written on behalf of the site owner, purporting to confirm an oral agreement, made by a paralegal in plaintiff's attorneys' office, to extend the site owner's time to answer until April 24, 2006. According to defendants' attorney, the general contractor's answer was amended to join the site owner because both were entitled to a defense from plaintiff's employer pursuant to an indemnification clause in the latter's contract with the general contractor, and that most of the delay in answering on behalf of the site owner was due to delay on the part of its

insurer in tendering its defense to the employer's insurer. As there is no reason to doubt the latter representation, and in the absence of a showing of prejudice caused plaintiff by the site owner's delay in answering, it was a proper exercise of discretion to compel plaintiff's acceptance of defendants' amended answer (*see Barajas v Toll Bros.*, 247 AD2d 242 [1998]; *St. Paul Fire & Mar. Ins. Co. v Eastmond & Sons*, 244 AD2d 294 [1997]; *Heskel's W. 38th St. Corp. v Gotham Constr. Co. LLC*, 14 AD3d 306 [2005]). Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.