■ Ntia Utak, Respondent, v Commerce Bank Inc., Appellant, et al., Defendants. [930 NYS2d 575]—

Plaintiff, Ntia Utak, commenced this action on January 25, 2008, alleging false arrest and false imprisonment against defendant Commerce. The complaint refers to an "occurrence" involving Utak that took place on February 22, 2007 at a Commerce Bank in Manhattan. The only factual allegations describing the occurrence are that Commerce directed its agents, servants and employees, to arrest plaintiff. The complaint does not explain why plaintiff was in the bank, or include the circumstances that led to plaintiff's alleged arrest and false imprisonment. Nor does the record include an affidavit by plaintiff attesting to the information contained in the complaint. Commerce did not file an answer in this action.

On July 26, 2010, approximately 30 months after commencing this action, plaintiff submitted a Request for Judicial Intervention (RJI) seeking a preliminary conference. The record does not indicate, nor does plaintiff contend, that he took any steps to prosecute his case prior to submitting the RJI. On August 20, 2010, Commerce moved to dismiss the action pursuant to CPLR 3215 (c) for failure to enter a default judgment within one year. Commerce noted that more than two years had passed since it had allegedly been served with the summons and complaint, and that plaintiff had not sought entry of a default judgment against it during that time.*

Under CPLR 3215 (c), if a plaintiff fails to seek entry of a judgment within one year after default the court "shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why [it] should not be dismissed." Here, plaintiff failed to show sufficient cause to defeat the dismissal motion because he nei-

* The crux of Commerce's argument below was that it was never served with the summons and complaint. However, the motion court found that Commerce had indeed been served, and on appeal Commerce has abandoned this argument.

ther set forth a viable excuse for the delay, nor demonstrated a meritorious cause of action (*Hoppenfeld v Hoppenfeld*, 220 AD2d 302, 303 [1995]; *Gavalas v Podelson*, 297 AD2d 535 [2002]). Plaintiff did not even address the fact that he never sought entry of a default judgment against Commerce, or that he waited over two years after commencing his action before making a RJI. Further, plaintiff did not demonstrate that he has a meritorious cause of action (*Hoppenfeld*, 220 AD2d 302, 303). The complaint is bereft of any facts or circumstances surrounding the alleged false arrest and false imprisonment. Plaintiff does not explain why he was in the bank, nor does he shed any light on the facts underlying his false imprisonment claim. Notably, the complaint is verified by plaintiff's attorney, which makes it hearsay and devoid of evidentiary value (*Beltre v Babu*, 32 AD3d 722, 723 [2006]). This complaint cannot be considered as proof of the facts constituting plaintiff's claims for the purpose of a default judgment (*Ritzer v 6 E. 43rd St. Corp.*, 47 AD3d 464, 464 [2008]). Nor has plaintiff provided an affidavit of merit, thereby warranting dismissal under CPLR 3215 (c) (*Pack v Saldana*, 178 AD2d 123, 124 [1991]). Concur—Mazzarelli, J.P., Andrias, Moskowitz, Richter and Abdus-Salaam, JJ.