■ SHELBY MUMFORD, Respondent, v 854 GERARD AVE. CORP. et al., Defendants, and THEODORE CARELOCK, Appellant. (And a Third-Party Action.) [940 NYS2d 629]—

Order, Supreme Court, Bronx County (Howard R. Silver, J.), entered July 23, 2010, which, to the extent appealed from as limited by the briefs, denied defendant-appellant's motion to vacate his default, unanimously reversed, on the law and the facts, with costs.

The "default" should have been vacated because there was never any judgment of default entered against defendants. In this personal injury action commenced in 2004, defendants 854 Gerard Ave. Corp., individually and doing business as New Room Jazz Club/Sports Bar, and Theodore Carelock were initially represented by counsel until June 2005, when counsel was relieved. Defendants did not retain new counsel. Defendant-appellant Carelock, a principal of the corporation, who is also sued here individually, appeared pro se at court conferences. According to plaintiff's counsel, when an attorney from his office appeared at a conference in May 2009 at which defendant Carelock did not appear, a law clerk indicated that "enough was enough" and that he would talk to the judge about setting this matter down for an inquest. The case was then transferred to an inquest part. This transfer does not equate with the entry of a default judgment.

Furthermore, while the motion court denied the motion to vacate the "default" on the ground that defendant Carelock had failed to demonstrate a meritorious defense to the complaint, the complaint, which purports to allege negligence and a violation of the Dram Shop Act, is woefully deficient in that it alleges that the single incident occurred on three different dates—that plaintiff was a patron of defendant's bar on or about March 27, 1999; that on or about October 4, 2003, certain patrons were sold alcoholic beverages subsequent to being intoxicated; and that on or about December 12, 2002, defendants should have known that certain patrons in their establishment carried knives, switchblades, etc. Therefore, even if the court had entered a default judgment, the complaint, verified by counsel, was insufficient to support the entry of a default judgment (*see Utak v Commerce Bank Inc.*, 88 AD3d 522 [2011]).

Accordingly, for all of these reasons, the motion should have been granted. Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.