Personal jurisdiction was never obtained over the individual defendant Federico Perez, as Perez was never personally served with the summons and complaint, as required by CPLR 306-b. Therefore, there was no basis upon which to enter a default judgment against Perez, and there exists no reason to disturb the dismissal of the complaint as against him. Plaintiffs argument that Perez, a dentist, should be estopped from arguing nondiligent efforts to effect service upon him since he failed to amend information regarding his resident address, as required by the professional licensing statute (Education Law § 6502 [5]), is unpreserved (see Moreira-Brown v City of New York, 109 AD3d 761 [1st Dept 2013]). In any event, the estoppel argument fails since plaintiff offers no details regarding any efforts to effect service upon Perez other than a single attempt.
The record further demonstrates that while defendant dental practice was properly served with a copy of the pleadings via the Secretary of State, more than one year transpired from the dental practice’s default in appearing. Accordingly, the complaint is deemed abandoned “unless sufficient cause is shown why the complaint should not be dismissed” (CPLR 3215 [c]; see Utak v Commerce Bank Inc., 88 AD3d 522 [1st Dept 2011]; Pack v Saldana, 178 AD2d 123 [1st Dept 1991]). Although plaintiff *422 demonstrated potential merit to a dental malpractice claim based on an affirmation from an expert, plaintiff failed to provide a reasonable excuse for waiting almost a year after the one-year limitation period had expired before moving for a default judgment (see Utak at 523; cf. LaValle v Astoria Constr. & Paving Corp., 266 AD2d 28 [1st Dept 1999]). Concur—Gonzalez, P.J., Tom, Renwick, Manzanet-Daniels and Feinman, JJ.