■ DENIS CHARMON, Appellant, v GEORGE PAVY et al., Defendants. [59 NYS3d 435]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wooten, J.), dated June 13, 2016, which denied his unopposed motion pursuant to CPLR 3215 for leave to enter a default judgment upon the defendants' failure to appear or answer the complaint.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the words "as they have appeared in the action," following the words "Plaintiff's motion for default judgment against defendants is denied," and substituting therefor the words "with leave to renew on proper papers"; as so modified, the order is affirmed, without costs or disbursements.

A plaintiff seeking leave to enter a default judgment must file proof of proper service of the summons and the complaint, the defendant's default, and the facts constituting the claim (*see* CPLR 3215 [f]; *Fried v Jacob Holding, Inc.*, 110 AD3d 56, 59 [2013]). In this case, the Supreme Court denied the plaintiff's motion for leave to enter a default judgment on the ground that the defendants "have appeared in the action." However, the plaintiff established that the defendants had not timely appeared, and there is no evidence that the defendants had moved for, or were granted, leave to serve a late answer. Nevertheless, the plaintiff was not entitled to a default judgment because he failed to establish that he had "a viable cause of action" and, thus, the motion was properly denied (*Beaton v Transit Facility Corp.*, 14 AD3d 637, 637-638 [2005]; *see* CPLR 3215 [f]; *Roy v 81E98th KH Gym, LLC*, 142 AD3d 985, 985-986 [2016]; *Chambliss v University Group Med. Assoc.*, 137 AD3d 1183, 1184 [2016]; *Utak v Commerce Bank Inc.*, 88 AD3d 522, 523 [2011]; *Cohen v Schupler*, 51 AD3d 706, 706 [2008]; *Ritzer v 6 E. 43rd St. Corp.*, 47 AD3d 464, 464 [2008]; *see generally Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]). However, the plaintiff's motion should have been denied with leave to renew upon proper papers (*see Dess v LRM Bldrs., LLC*, 56 AD3d 716, 717 [2008]; *Matone v Sycamore Realty Corp.*, 31 AD3d 721, 721-722 [2006]; *Blam v Netcher*, 17 AD3d 495, 496 [2005]). Balkin, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.