Kwang Bok Yi v Open Karaoke Corp. (2018 NY Slip Op 03519)





Kwang Bok Yi v Open Karaoke Corp.


2018 NY Slip Op 03519


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2015-01836
 (Index No. 51789/14)

[*1]Kwang Bok Yi, appellant-respondent, 
v
Open Karaoke Corp., et al., respondents-appellants.


Kwang Bok Yi, Bronxville, NY, appellant-respondent pro se.
Russo & Toner, LLP, New York, NY (Marcin J. Kurzatkowski of counsel), for respondents-appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Francesca E. Connolly, J.), dated February 5, 2015, as denied his motion for leave to enter a default judgment against the defendants Open Karaoke Corp., 162 D & Y Corp., and Yong Ae Ha on the issue of liability, upon the failure of those defendants to appear or answer the complaint, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were to extend the time for the defendants Open Karaoke Corp., 162 D & Y Corp., and Yong Ae Ha to appear in the action and to compel the plaintiff to accept a second amended verified answer on behalf of those defendants.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the defendants' cross appeal is dismissed as academic in light of our determination on the companion appeal (see Kwang Bok Yi v Open Karaoke Corp., ____ AD3d ____ [Appellate Division Docket No. 2016-11486, decided herewith]); and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On February 7, 2011, the plaintiff was a patron of a karaoke bar located at 40-20 149th Place, in Flushing. When an employee of the bar demanded that the plaintiff pay a bill for services received, the plaintiff refused and a fight ensued. The police were summoned and the plaintiff was arrested and charged with, inter alia, assault in the third degree.
The plaintiff commenced this action by summons with notice against Norae Hahnun Jib, Corp. (hereinafter Norae), Dong Hyun Ha (hereinafter Dong), Open Karaoke Corp. (hereinafter Open Karaoke), 162 D & Y Corp. (hereinafter D & Y), and Yong Ae Ha (hereinafter Yong), alleging that he was attacked without provocation by an employee of the bar and sustained personal injuries as a result of the attack. Dong and Yong allegedly owned the corporate defendants, Norae, Open Karaoke, and D & Y, and all of the defendants allegedly operated the bar. In response to the demand for a complaint by Norae and Dong, the only parties who had formally appeared in the action at that time, the plaintiff served a verified complaint, asserting a negligent hiring and retention cause of action and a cause of action based on 42 USC § 1983. By the time Open Karaoke served a verified [*2]answer, the plaintiff had already moved for leave to enter a default judgment against it, D & Y, and Yong, on the issue of liability, upon their failure to appear or answer the complaint. In the interim, the defendants served a second amended verified answer on behalf of all of them, and cross-moved, inter alia, to extend the time for Open Karaoke, D & Y, and Yong to appear, and to compel the plaintiff to accept the second amended verified answer on behalf of all of the defendants. The Supreme Court denied the plaintiff's motion for leave to enter a default judgment against Open Karaoke, D & Y, and Yong, and denied those branches of the defendants' cross motion which were to extend the time for Open Karaoke, D & Y, and Yong to appear in the action and to compel the plaintiff to accept the second amended verified answer on behalf of those defendants.
Contrary to the plaintiff's contention, the Supreme Court did not err in denying his motion for leave to enter a default judgment against Open Karaoke, D & Y, and Yong, as the plaintiff failed, inter alia, to submit adequate proof of the facts sufficient to establish viable causes of action against them (see Charmon v Pavy, 153 AD3d 493, 494; Roy v 81 E. 98th KH Gym, LLC, 142 AD3d 985, 985; Fried v Jacob Holding, Inc., 110 AD3d 56, 59). The plaintiff's contention that the court improperly considered the defendants' papers in opposition to his motion for leave to enter a default judgment is without merit.
DILLON, J.P., MILLER, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court