Figueroa v Relgold, LLC (2019 NY Slip Op 08617)





Figueroa v Relgold, LLC


2019 NY Slip Op 08617


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Acosta, P.J., Renwick, Mazzarelli, Kapnick, JJ.


10495N 24747/17E

[*1] Rogerio Cervantes Figueroa, et al., Plaintiffs-Respondents,
v
Relgold, LLC, Defendant-Appellant.


Shafer Glazer, LLP, New York (Howard S. Shafer of counsel), for appellant.
McMahon & McCarthy, Bronx (Matthew J. McMahon of counsel), for respondents.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered July 16, 2019, which, in this action for personal injuries, denied defendant's motion to vacate a default judgment in plaintiffs' favor in the amount of $4,200,000, unanimously reversed, on the law, without costs, and the motion granted.
An affidavit from a principal of defendant property owner, who also served as property manager for the premises, established that defendant did not receive timely notice of the action on account of an outdated business address on file with the Secretary of State (see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co. , 67 NY2d 138, 141-142 [1986]). The affidavit also showed that defendant had a meritorious defense, in that the default judgment was defective, given the conclusory allegations of a purportedly viable negligence claim (see CPLR 3215[f]; Brown v Rosendale Nurseries , 259 AD2d 256 [1st Dept 1999]; St. Paul Marine Fire & Mar. Ins. Co. v Eastmond & Sons , 244 AD2d 294 [1st Dept 1997]). Furthermore, the commercial lease for the premises where plaintiff fell indicated that the tenant, which was the injured plaintiff's employer, was responsible for maintaining the nonpublic, allegedly dangerous staircase and for obtaining insurance to indemnify defendant for any liability that arose from the tenant's negligent acts or omissions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK