Zayas v Montefiore Med. Ctr. (2020 NY Slip Op 06734)





Zayas v Montefiore Med. Ctr.


2020 NY Slip Op 06734


Decided on November 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 17, 2020

Before: Friedman, J.P., Renwick, Webber, Gesmer, JJ. 


Index No. 24325/17 Appeal No. 12385 Case No. 2020-02027 

[*1]Betty Zayas, Individually, and as Administrator of the Estate of Thomas Zayas, Decedent, Plaintiff-Respondent,
v
Montefiore Medical Center et al., Defendants, Elena Vezza, M.D., Defendant-Appellant.


Dwyer & Taglia, New York (Peter R. Taglia of counsel), for appellant.
Gentile & Associates, New York (Laura Gentile of counsel), for respondent.



Order, Supreme Court, New York County (George G. Silver, J.), entered March 6, 2020, which to the extent appealed from, denied the motion of defendant Elena Vezza, M.D. to dismiss the complaint as against her, pursuant to CPLR 3215(c), and instead directed her to interpose an answer, unanimously reversed, in the exercise of discretion, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint against Dr. Vezza.
While the record indicates that defendant Dr. Vezza was served with a copy of the pleadings via an individual at her office, and a subsequent mailing, nearly two years transpired from the doctor's default before plaintiff sought a default judgment. Accordingly, the complaint was deemed abandoned "unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]; see Diaz v Perez, 113 AD3d 421 [1st Dept 2014]). Plaintiff failed to provide a reasonable excuse for waiting almost a year after the one-year limitation period had expired before moving for a default judgment (id.). Although plaintiff did not claim law office failure below, any such claims now, based upon the motion court's reference to same, are vague and insufficient (see Deutsche Bank National Trust Co. v Cruz, 173 AD3d 610 [1st Dept 2019]). Nor is plaintiff's original excuse, that she was unaware of the role Dr. Vezza played in decedent's care due to a failure to be given certified copies of the medical records by other defendants, sufficient, given that she was aware enough to commence suit against the doctor in the first instance.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2020