Underwood v Urban Homesteading Assistance (U-HAB), Inc. (2021 NY Slip Op 01020)





Underwood v Urban Homesteading Assistance (U-HAB), Inc.


2021 NY Slip Op 01020


Decided on February 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 16, 2021

Before: Gische, J.P., Moulton, González, Scarpulla, JJ. 


Index No. 161908/18 Appeal No. 13122 Case No. 2020-03016 

[*1]Jeffrey Underwood et al., Plaintiffs-Appellants,
v
Urban Homesteading Assistance (U-HAB), Inc. Doing Business as UHAB Doing Business as Urban Homesteading Assistance Board, et al., Defendants-Respondents.


Cohen & Green P.L.L.C., Ridgewood (J. Remy Green and Jessica Massimi of counsel), for appellants.
Gordon Rees Scully Mansukhani LLP, New York (Kuuku Minnah-Donkoh of counsel), for Urban Homesteading Assistance (U-HAB), Inc., UHAB Housing Development Fund Corporation, respondents.
Adam Leitman Bailey, P.C., New York (Jeffrey R. Metz of counsel), for Nicky Scott, Isabel Dawson and Gregory Dawson, respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered November 25, 2019, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Urban Homesteading Assistance and UHAB Housing Development Fund Corporation (collectively UHAB) to dismiss the complaint as against them, and denied plaintiffs' renewed motion for a default judgment against defendant 544 East 13th Street Housing Development Fund Corp. (544 East), unanimously affirmed, without costs. The appeal, insofar as it related to defendants Nicky Scott, Isabel Dawson, and Gregory Dawson was withdrawn at oral argument.
The complaint fails to state a cause of action for tortious interference with contract, as plaintiffs have not alleged that they were parties to a contract with a third party with which UHAB interfered (see Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]). Nor do plaintiffs state a prima facie cause of action for tortious interference with business relations or economic advantage, as the essence of the claim involves actions directed not at plaintiffs but at third parties (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]). Here, the threats and misrepresentations which plaintiffs allege occurred were directed at themselves and not at any third party.
To state a claim for fraudulent inducement, a plaintiff must allege a false representation, made for the purpose of inducing another to act on it, and that the party to whom the representation was made justifiably relied on it and was damaged (see Perrotti v Becker, Glynn, Melamed & Muffly LLP, 82 AD3d 495, 498 [1st Dept 2011]). Here, plaintiffs have alleged that the individual defendants, who were co-residents of their apartment building, made misrepresentations on which plaintiffs relied in moving out of the building to permit renovations, based on the representation that they would be able to purchase shares to the cooperative in which they resided at an insider price. Contrary to plaintiffs' argument, however, the allegations in the pleadings that the tenants were agents of the building's owner are insufficient. An agency relationship "results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act" (L. Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455, 464 [2d Dept 1979]). Because the pleadings are devoid of any factual allegations showing that UHAB consented to any tenants acting on their behalf, the fraudulent inducement claim was properly dismissed. To the extent plaintiffs' claim rests on apparent authority, such a claim requires a showing that plaintiffs "relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal — not the agent" (Hallock v State of New York, 64 NY2d 224, 231 [1984] [internal citations and quotation marks omitted]), which has not been alleged here.
As for plaintiffs' allegation that UHAB-HDFC [*2]was unjustly enriched by its having sold the apartment at issue on the open market, UHAB submitted documentary evidence refuting that claim (see CPLR 3211[a][1]). The Nominee Agreement, pursuant to which the interest in plaintiffs' apartment building was sold to defendant B&N Housing LLC, states unequivocally that any profits from sales of any interest in the building belonged to B&N and not to UHAB-HDFC. This precludes any viable claim for unjust enrichment.
Finally, plaintiffs' renewed motion for a default judgment against 544 East was properly denied absent any allegations to support a viable claim against that defendant (see Charmon v Pavy, 153 AD3d 493, 494 [2d Dept 2017]). Assuming plaintiffs' nonconclusory allegations are true, the claims against 544 East fail for the same reasons as the claims against UHAB.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 16, 2021