## Forest Walnut LLC v Abizker

2024 NY Slip Op 30380(U)

February 2, 2024

Supreme Court, New York County

Docket Number: Index No. 652514/2022

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

[* 1]

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. NANCY M. BANNON

*Justice*

PART        42

-------------------------------------------------------------------------X

FOREST WALNUT LLC and JACOB ADONI,

Plaintiff,

- v -

ZOHAR ABIZKER a/k/a Zohar Cohen a/k/a Zack Cohen,
SHEAR ABIZKER a/k/a Shear Cohen a/k/a Bonnie Kesler,
HARVEY J. LAWRENCE, OLD AMERICAN FINANCIAL,
LP., and ALLIANCEBERNSTEIN HOLDING LP

Defendants.

.

-------------------------------------------------------------------------X

| INDEX NO. | 652514/2022 |
| MOTION DATE | 11/03/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to/for            JUDGMENT - DEFAULT            .

In this breach of contract action, the plaintiffs allege that the defendants orally agreed to supply them with 200 repossessed luxury automobiles, brands such as Bentley, Rolls Royce and Ferrari, which the plaintiffs planned to sell for an estimated profit of $30 million. The plaintiffs allege that they paid the defendants $125,000 as a down payment on the vehicles and that the defendants never delivered any vehicle to them.

By an order dated November 22, 2022, the court granted an unopposed motion by defendant Alliance Bernstein Holding LP to dismiss the complaint on the ground of failure to state a cause of action (CPLR 3211[a][7]) (MOT SEQ 001). By an order dated January 9, 2023, the court denied a motion by the plaintiff to vacate its default on that motion. (MOT SEQ 002). That decision was affirmed on appeal. See Forest Walnut LLC v Abizker, ----- AD3d ---- , 2024 NY Slip Op 0045) (1st Dept. February 1, 2024).

The plaintiffs now move pursuant to CPLR 3215 for leave to enter a default judgment against the remaining defendants, Zohar Abizker (a/k/a Zohar Cohen a/k/a Zack Cohen), Shear Abizker (a/k/a Shear Cohen a/k/a Bonnie Kesler), Harvey J. Lawrence and Old American

652514/2022   FOREST WALNUT LLC ET AL vs. ABIZKER, ZOHAR ET AL
Motion No.  003

Page 1 of 4

Financial, LP. As against these defendants, the complaint includes causes of action entitled breach of contract, declaratory judgment/specific performance, conversion/theft, and fraud/scheme to defraud. In essence, the plaintiffs seek either the return of the purported $125,000 deposit or delivery of the vehicles they were purportedly promised. The plaintiffs also seek leave to amend the complaint to change the name of the corporate plaintiff to Forest Walnut II LLC. No opposition is submitted. The motion is denied without prejudice.

"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing (see CPLR 3215[f]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720)." Atlantic Cas. Ins. Co. v RJNJ Services, Inc. 89 AD3d 649 (2nd Dept. 2011). "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the *prima facie* validity of the uncontested cause of action [see, 4 Weinstein-Korn-Miller, NY Civ Prac paras. 3215.22-3215.27]." Joosten v Gale, 129 AD2d 531, 535 (1st Dept 1987); see Martinez v Reiner, 104 AD3d 477, 478 (1st Dept 2013); Beltre v Babu, 32 AD3d 722, 723 (1st Dept 2006); Atlantic Cas. Ins. Co. v RJNJ Services, Inc. 89 AD3d 649 (2nd Dept. 2011). As such, "[w]here a valid cause of action is not stated, the party moving for a default judgment is not entitled to the requested relief, even on default." Green v Dolphy Constr. Co. Inc., 187 AD2d 635, 636 (2nd Dept. 1992).

Initially, the court notes that the plaintiffs concede that the motion is untimely as to defendant Zohar Abizker. The action was commenced on July 21, 2022. This motion was filed on September 13, 2023. The affidavits of service submitted show that defendant Zohar Abizker was served on July 21, 2022, Shear Abizker was served on September 28, 2022, Old American Financial LP was served on September 15, 2022, and Harvey Lawrence was served on September 22, 2022. CPLR 3215(c) requires that any motion for a default judgment be made within one year of the alleged default and that any untimely motion be denied, and the complaint be dismissed as abandoned, upon motion or the court's own motion, absent "sufficient cause" shown. See Seide v Calderon, 126 AD3d 417 (1st Dept. 2015); Diaz v Perez, 113 AD3d 421 (1st Dept. 2014); Utak v Commerce Bank, Inc., 88 AD3d 522 (1st Dept. 2011). The plaintiffs allege law office failure in that due to file storage issues, counsel overlooked the fact that Zohar Abikzer was served the same day the action was commenced and mistakenly believed that he was served about the same time as the other defendants in September 2022, making the

**652514/2022   FOREST WALNUT LLC ET AL vs. ABIZKER, ZOHAR ET AL**                    **Page 2 of 4**
**Motion No.  003**

2 of 4

[* 2]

motion untimely as to him. Under the circumstances, and considering that the plaintiffs detailed the law office failure, the delay was short and the motion is unopposed, the court finds sufficient cause and deems the motion timely as to defendant Zohar Abizker. See CPLR 2004.

On the merits, the plaintiffs submit the complaint, verified by plaintiff Jacob Adoni, an affidavit of Adoni, an affirmation of counsel, what appears to be heavily redacted results of an on-line skip trace service concerning defendants Shear Abizker and Zohar Abizker, bank records of an account held in the name of Forest Walnut II LLC at People's United Bank, various text messages and e-mails between Adoni and unidentified persons, a photo of part of a document listing what appears to be feature or options on a vehicle with a "suggested retail price of $537,330.00", a photo of several unidentified luxury vehicles parked in a garage, a photo of three vehicles parked near a playground, and a close-up photo of a key fob allegedly sent to Adoni by an unnamed defendants. No memorandum of law is submitted. The plaintiff's submissions fall far short of establishing any cause of action against any defendant.

While Adoni alleges that he wired two payments, $50,000 and $75,000, to a defendant in connection with the agreement, the bank records do not establish that. One transaction on November 10, 2020, is indicated as a $50,000 "wire xfr out domestic" and another transaction on March 26, 2021, is indicated as a $75,000 "wire xfr out domestic" with no further detail. Nor does Adoni establish or identify the person or entity to whom these funds were sent. Photographs of vehicles or key fobs have no evidentiary value. The text messages, which identify only a "Bonnie Kessler", and a partial photo of an options list are equally valueless on the motion. No explanation of the skip tracing exhibit is proffered. Since counsel claims no personal knowledge of the underlying facts, the affirmation of the plaintiff's counsel is without probative value or evidentiary significance on this motion. See Zuckerman v City of New York, 49 NY2d 557 (1980); Trawally v East Clarke Realty Corp., 92 AD3d 471 (1st Dept. 2012).

Thus, even assuming the plaintiffs have submitted sufficient proof of service of the summons and complaint and proof of the remaining defendants' default, it has failed to submit sufficient proof of the facts constituting the claims as against those defendants. See CPLR 3215(f). While the plaintiffs may have been improperly relieved of $125,000 with false promises, they have not met their burden of proof on this motion. However, since the defects can be cured, denial of the motion is without prejudice to renewal on proper papers within 30 days.

**652514/2022   FOREST WALNUT LLC ET AL vs. ABIZKER, ZOHAR ET AL**          Page 3 of 4
**Motion No.  003**

3 of 4

[* 4]

The plaintiffs' application to amend is also denied for failure of proof.

Accordingly, upon the foregoing papers, it is

ORDERED that the plaintiff's motion is denied without prejudice to renewal on proper papers within 30 days of the date of this order.

This constitutes the Decision and Order of the court.

20240202496716NBANNON7DFF097941BA4103B7BBF5D8E0206571

| | | | | | |
|---|---|---|---|---|---|
| **2/2/2024** | | | | | |
| **DATE** | | | | **NANCY M. BANNON, J.S.C.** | |
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | |
| | ☐ | GRANTED ☒ DENIED | ☐ | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | ☐ | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | ☐ | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652514/2022   FOREST WALNUT LLC ET AL vs. ABIZKER, ZOHAR ET AL
Motion No.  003

Page 4 of 4

4 of 4