Marcal Fin. SA v Sutton (2024 NY Slip Op 02258)

Marcal Fin. SA v Sutton

2024 NY Slip Op 02258

Decided on April 25, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 25, 2024

Before: Webber, J.P., Friedman, González, Rosado, Michael, JJ. 

Index No. 653351/15 Appeal No. 2140 Case No. 2023-01275 

[*1]Marcal Finance SA, et al., Plaintiffs-Appellants,
v
Isaac Sutton, et al., Defendants, Middlegate Securities Ltd., Defendant-Respondent.

Storch Byrne LLP, New York (Parmenion Patias of counsel), for appellants.
Wachtel Missry LLP, New York (Evan Weintraub of counsel), for respondent.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered on or about February 15, 2023, which, to the extent appealed from, granted defendant Middlegate Securities Ltd.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In opposition to Middlegate's prima facie showing that plaintiffs did not enter into any contract with it, plaintiffs failed to raise an issue of fact. Four plaintiffs testified that in 2006 they entered into an agreement with Mayer Sutton, now deceased, to manage $11 million held by them in the Marcal companies in Panama. Plaintiffs testified that they understood that Sutton would manage the funds conservatively and agreed that the funds would be placed in accounts with defendant Atlas in Switzerland. They testified that they had not heard of Middlegate and it was not mentioned during the 2006 meeting at which the agreement was reached. In light of the complete absence of any evidence of the terms of any agreement with Middlegate, the court properly concluded that, even if plaintiffs established an agreement with Sutton, there was no meeting of the minds on any agreement with Middlegate (see Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482 [1989], cert denied 498 US 816 [1990]).
Plaintiffs also failed to submit evidence sufficient to support a theory that Sutton was acting as an agent for Middlegate, and which according to plaintiff was an undisclosed principal. While plaintiffs presented some evidence that Sutton was associated with Middlegate and had an office at Middlegate for many years, that evidence does not indicate or suggest that Mayer had any authority to bind Middlegate to the alleged 2006 contract to manage plaintiffs' funds (see Ford v Unity Hosp., 32 NY2d 464, 472 [1973]). Nor did plaintiffs raise an issue of fact concerning any breach of contract by Middlegate based on a purportedly forged document that appears to have been faxed from Middlegate Insurance in March 2011. Even if Middlegate Insurance shared offices with Middlegate at that time, a fact not established by evidence in the record, plaintiffs submitted no evidence concerning who caused that document to be created and faxed, much less whether that individual was acting on behalf of Middlegate.
Plaintiffs' new factual argument concerning Sutton's apparent authority to act for Middlegate is raised for the first time on appeal and therefore is unpreserved for appellate review (see DeBenedictis v Malta, 140 AD3d 438, 438 [1st Dept 2016]). In any event, the argument that the individual plaintiffs lacked any knowledge about financial matters and relied on a trusted adviser to vet Sutton is insufficient to raise an issue of fact. Nothing in the record suggests that Middlegate communicated with plaintiffs or represented that Sutton was its agent in connection with the alleged 2006 agreement (see Ford v Unity Hosp., 32 NY2d at 472; Underwood v Urban Homesteading Assistance (U-HAB[*2]), Inc., 191 AD3d 550, 551-552 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 25, 2024