Westpoint Home, LLC v Dormify, Inc. (2026 NY Slip Op 01625)

Westpoint Home, LLC v Dormify, Inc.

2026 NY Slip Op 01625

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Index No. 654611/22|Appeal No. 6141|Case No. 2024-07108|

[*1]Westpoint Home, LLC, Plaintiff-Appellant,
vDormify, Inc., et al., Defendants, Quadrant Management Inc., et al., Defendants-Respondents.

Law Office of Robert R. Viducich, New York (Robert R. Viducich of counsel), for appellant.
Mintz & Gold LLP, New York (Terrance W. McCormick of counsel), for Clerisy Global Capital Management, LP and Lisa Myers, respondents.
Wuersch Gering LLP, New York (Ramsha Ansari of counsel), for Quadrant Management Inc. and Alan Quasna, respondents.

Order, Supreme Court, New York (Andrea Masley, J.), entered on or about October 15, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Quadrant Management Inc. (Quadrant) and OCM Acquisition Corp. (OCMA), the motion of defendant Alan Quasha, and the motion of defendants Clerisy Global Capital Management, LP (Clerisy), and Lisa Myers, all to dismiss the amended complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
The sole issue on this appeal is whether the motion court properly dismissed plaintiff's cause of action for fraudulent conveyance against all defendants. Plaintiff is a textile manufacturer and unsecured creditor of defendant On Campus Marketing, LLC (OCM)[FN1], an online retail business for university-approved merchandise. In 2021, OCM was facing grave financial difficulties. It owed $60 million to secured creditors and began to default on those loans. At that time, OCM also owed plaintiff $3.1 million in unpaid purchase orders.
Plaintiff alleges that defendants Quadrant, Quasha, Clerisy and Myers orchestrated a scheme to obtain OCM's assets through a shell company, defendant OCMA, without sufficient consideration. Pursuant to a foreclosure and sale agreement (the FSA) dated September 16, 2022, OCM's secured lenders foreclosed on OCM's assets and sold them to defendant OCMA for almost $6 million pursuant to Article 9 of the UCC. OCMA is a holding company that was formed by Quadrant, an investment management firm, to purchase OCM. Quadrant's CEO is Quasha. Three days after the FSA was executed, OCMA merged with defendant Dormify, Inc. (Dormify)[FN2]. Clerisy, a private equity fund, owns a controlling interest in Dormify, and its founder and managing partner is defendant Lisa Myers. Plaintiff asserts that these actions caused OCM to fraudulently transfer to Dormify virtually all of OCM's assets in violation of the New Jersey Uniform Voidable Transactions Act (NJ Stat Ann §§ 25:2-20 et seq.) (NJUVTA).
The motion court providently dismissed the fraudulent transfer claim against defendants Dormify, Quadrant, and OCMA because plaintiff's opposition to defendants' motion to dismiss did not address whether it adequately pleaded the necessary elements to support that claim (see Butler v City of NY, 202 AD3d 471, 472 [1st Dept 2022]).
In any event, plaintiff's claim that all defendants engaged in an intentional fraudulent asset transfer under the NJUVTA is barred by the NJUVTA's safe harbor provision. Defendants established through documentary evidence that the transfer was made in connection with a Uniform Commercial Code article 9 foreclosure of secured lenders' interests in the assets (see NJ Stat Ann § 25:2-30[e][2]). Further, because defendants, other than OCMA and Dormify, were neither transferees nor immediate transferees of OCM, they could not be held liable under the NJUVTA (NJ Stat Ann § 25:2-30.b [1] [a], [b]). Nor were those defendants "beneficiaries" of the transfer, as they neither owned the debtor nor forced the transfer (see e.g. Oracle Am., Inc. v Appleby, 2016 WL 5339799, *9, 2016 US Dist LEXIS 130679, *27-28 [ND Cal Sept. 22, 2016, No. 16-cv-02090-JST]).
Plaintiff adequately preserved its argument that the FSA was a sham (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). Nonetheless, the FSA itself constitutes documentary evidence sufficient to refute plaintiff's contention because under the FSA all of the assets of defendant OCM, including its contracts were assigned, even if the assignment of many of those contracts were subject to third-party approval (see Underwood v Urban Homesteading Assistance (U-HAB), Inc., 191 AD3d 550, 552 [1st Dept 2021]).
Plaintiff's common-law fraudulent conveyance claim was properly dismissed as it failed to allege that the transfer would place assets beyond its reach that would otherwise have been available to it (see Nissan Motor Acceptance Corp. v Infiniti of Englewood, LLC, 2023 WL 4197143, *8, [D NJ June 26, 2023, No. 18CV17228 (EP) (MAH)]. Plaintiff was an unsecured creditor of a company with $60 million in secured debt outstanding to creditors, and with assets valued at only $6 million.
Finally, the court properly denied plaintiff's request for further discovery. Even considering the allegations in the amended complaint in the light most favorable to plaintiff, they are directly contradicted by the documentary evidence, such that any further discovery would be futile.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026

Footnotes

Footnote 1: Defendant OCM has not appeared in the action.

Footnote 2: Plaintiff is not appealing the motion court's order with respect to Dormify because it filed for chapter 11 bankruptcy protection in the Bankruptcy Court for the District of Delaware.