■ EDWARD CELNICK, Respondent, v SHIRLEY FREITAG, Appellant. [662 NYS2d 37] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered July 2, 1996, which granted plaintiff's motion to vacate his default on a prior order of the same court and Justice, entered May 1, 1996, granting defendant's motion for summary judgment, and upon vacatur, denied defendant's motion for summary judgment, unanimously reversed, on the law and the facts, the motion to vacate the default denied, and summary judgment dismissing the complaint is reinstated. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Defendant lost a ring, given to her by her mother, worth some $4,000, which somehow came into plaintiff's possession. Rather than return the ring directly to defendant, plaintiff engaged in various tactics to secure a reward. Eventually, defendant, accompanied by a New York City Police Department Detective posing as defendant's niece, met plaintiff in the office of a prominent attorney. Plaintiff was arrested, and defendant signed a criminal complaint after having been told that it was the only way to assure the return of her ring.

Plaintiff commenced this action for false arrest and false imprisonment, seeking $1,000,000, in April of 1995. In March 1996, defendant moved for summary judgment, attaching her affidavit, an affidavit of a friend familiar with the negotiations concerning the ring and the pleadings and various exhibits. Defendant states in her affidavit that she did not intend that plaintiff be arrested and that she was interested primarily in the recovery of her property. The affidavit of her friend, who accompanied defendant to the police precinct, confirms defendant's version of the events. She states that at no time did defendant demand that the police take any action, or request that plaintiff be arrested, and that defendant repeatedly told the police she only wanted to get her ring back because of its sentimental value.

Plaintiff did not interpose any opposition to defendant's motion and on May 1, 1996, the court issued an order dismissing the complaint on default. Thereafter, plaintiff moved to vacate the default and the dismissal of the action, and to restore the case to the motion calendar. In support of his motion, plaintiff submitted an affirmation from counsel explaining that confusion surrounding the return date of the motion had led to the default. Defendant opposed, arguing that plaintiff had not provided a reasonable excuse for his default, or evidence tending to show the merit to his cause of action. The IAS Court held that plaintiff had satisfied his burden and, furthermore,

denied the motion for summary judgment, stating that plaintiff had raised issues of fact as to whether the defendant had intended to have plaintiff falsely arrested and/or imprisoned.

We reverse since plaintiff has failed to demonstrate that there is any merit to his cause of action. Indeed, were we to have affirmed the vacatur of the default, we would nonetheless have granted summary judgment to defendant since plaintiff has failed to raise any factual issues that would require further proceedings.

To be successful in opposing a motion for summary judgment, the opponent must present evidence in admissible form tending to show the existence of a triable cause of action or defense to warrant denial (*Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065). Mere conclusion, expressions of hope, allegations or assertions are insufficient to raise a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 562).

In this case, plaintiff submitted only his verified complaint to show merit to his claim. While a verified pleading may be used in lieu of an affidavit of merit in default judgment cases (CPLR 105 [u]), it will not be sufficient if it fails to set forth evidentiary facts (*see, e.g., Bethlehem Steel Corp. v Solow*, 51 NY2d 870).

To sustain a cause of action for false arrest and false imprisonment, a plaintiff must show that the defendant took an active role in the prosecution of the plaintiff, such as giving advice and encouragement or importuning the authorities to act, and that the defendant intended to confine the plaintiff (*see, DeFilippo v County of Nassau*, 183 AD2d 695; *Carrington v City of New York*, 201 AD2d 525). Here the plaintiff has utterly failed to set forth any of the evidentiary facts upon which he bases his claim. The unrebutted evidence clearly shows that defendant merely provided information to the police, that she never commenced any action against plaintiff, and that she never instigated the arrest. After all, it was plaintiff who had defendant's ring, and rather than taking reasonable measures to return it (Penal Law § 155.05 [2] [b]), plaintiff instigated this chain of events. Concur—Milonas, J. P., Nardelli, Williams, Mazzarelli and Andrias, JJ.