■ MAHER A. HASSAN et al., Appellants, v WOODHULL HOSPITAL AND MEDICAL CENTER, Defendant, and JAMES A. TERRY, JR., M.D., P. C., et al., Respondents. [724 NYS2d 184] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated March 14, 2000, as granted the motion of the defendants James A. Terry, Jr., M.D., P. C., and James A. Terry, Jr., for summary judgment dismissing the complaint insofar as asserted against them, and denied their cross motion for leave to serve an amended complaint.

Ordered that the order is modified by deleting the provision thereof granting the motion of the defendants James A. Terry, Jr., M.D., P. C., and James A. Terry, Jr., and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs, and the action against the defendant Woodhull Hospital and Medical Center is severed.

The defendant Dr. James A. Terry, Jr., supervised and allegedly actively participated in a surgical procedure upon the injured plaintiff (hereinafter the plaintiff) on September 16, 1996, while the plaintiff was a patient at Woodhull Hospital and Mental Health Center (hereinafter Woodhull). Woodhull is owned and operated by the New York City Health and Hospitals Corporation (hereinafter the HHC). Although Dr. Terry was employed by a private hospital at the time of the plaintiff's surgery, he claims that he was appointed to Woodhull as a consulting surgeon, and that he participated in its Community Physician Program by supervising and assisting residents during operations. Following the operation, the injured plaintiff and his wife commenced this medical malpractice action, naming Dr. Terry as a defendant both in his individual capacity and as James A. Terry, Jr., M.D., P. C. (hereinafter the defendants). The defendants moved for summary

judgment dismissing the complaint insofar as asserted against them, contending that Dr. Terry was a statutory employee of the HHC, and that the plaintiffs' failure to serve a timely notice of claim upon the HHC mandated dismissal of the complaint against him and his professional corporation. The Supreme Court granted the motion, concluding that Dr. Terry was an employee of the HHC pursuant to General Municipal Law § 50-d (1), and that the plaintiffs' failure to serve the HHC with a notice of claim based upon Dr. Terry's alleged malpractice required dismissal.

On appeal, the plaintiffs contend that the Supreme Court erred in concluding that they were required to serve a notice of claim upon the HHC because Dr. Terry is a statutory employee within the meaning of General Municipal Law § 50-d. We agree. General Municipal Law § 50-d provides that every municipal corporation shall assume the liability for malpractice of any physician who renders medical services without receiving compensation at public institutions maintained by that municipal corporation. "Where section 50-d is applicable, ultimate financial responsibility rests not with the treating physician but with the appropriate municipal corporation and, under subdivision 2 of that section, no action will lie unless a notice of claim is served in compliance with section 50-e of the General Municipal Law" (*Bender v Jamaica Hosp.*, 40 NY2d 560, 561). However, since the HHC is a public benefit corporation rather than a municipal corporation within the meaning of General Municipal Law § 50-d, this provision does not apply here (*see, Bender v Jamaica Hosp., supra*). Although the plaintiffs did not raise this issue before the Supreme Court, it may be considered on appeal because it presents an issue of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture (*see, Matter of Insurance Co. v Kaplun*, 274 AD2d 293; *Galletta v Siu-Mei Yip*, 271 AD2d 486; *Calvao v St. John's Riverside Hosp.*, 261 AD2d 350).

The defendants contend that service of a notice of claim was required pursuant to General Municipal Law § 50-k. However, the duty of the City and the HHC to defend and indemnify pursuant to General Municipal Law § 50-k is conditioned upon an employee's compliance with the requirements of subdivision (4) of this statute (*see, Marabello v City of New York*, 99 AD2d 133). Since the defendants offered no evidence that Dr. Terry complied with the requirements of General Municipal Law § 50-k (4), they failed to establish, as a matter of law, that the City and the HHC have a duty to defend and indemnify them

which would require the service of a notice of claim (*see,* General Municipal Law § 50-k [6]; § 50-e [1] [b]).

There is no merit to the plaintiffs' further contention that the Supreme Court should have granted that branch of their cross motion which sought leave to amend their complaint to allege that Dr. Terry committed additional acts of malpractice before the surgery. The relation-back exception to the Statute of Limitations does not apply to these additional claims because the original complaint, which alleged acts of malpractice occurring in September 1996, did not give the defendants notice of the transactions or occurrences underlying the proposed amended complaint (*see, Clark v Foley,* 240 AD2d 458). Krausman, J. P., Friedmann, Feuerstein and Smith, JJ., concur.