■ Jacqueline Beaton, Respondent, v Transit Facility Corp. et al., Respondents, and Dolores Curry, Appellant, et al., Defendant. [789 NYS2d 314]—

In an action to recover damages for personal injuries, the defendant Dolores Curry appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated April 22, 2004, which granted the separate motions of the plaintiff and the defendants Transit Facility Corporation and Jean W. Jean-Paul for leave to enter a judgment against her upon her failure to appear and answer and for an assessment of damages.

Ordered that the order is reversed, on the law, with costs, and the motions are denied.

A party's right to recover upon a defendant's failure to appear or answer is governed by CPLR 3215 (*see Reynolds Sec. v Underwriters Bank & Trust Co.*, 44 NY2d 568, 572 [1978]), which requires that the plaintiff state a viable cause of action (*see* CPLR 3215 [f]; *Fappiano v City of New York*, 5 AD3d 627 [2004], *lv denied* 4 NY3d 702 [2004]; *Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [1992]). In determining whether a party has a viable cause of action, the court may consider the pleadings in the action, and any other proof submitted by the plaintiff (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]; *Feffer v Malpeso*, 210 AD2d 60 [1994]). The plaintiff's complaint, verified by her attorney, and her affidavit of merit, which incorporated conclusory statements alleging negligence based on information provided by her attorney and which failed to set forth the facts constituting the alleged negligence, were insufficient to support a default judgment pursuant to CPLR 3215 (f) (*see Henriquez v Purins*, 245 AD2d 337 [1997]; *Zelnik v Bidermann Indus. U.S.A.*, 242 AD2d 227 [1997]; *Feffer v Malpeso, supra*). Moreover, in view of the fact that the appel-

lant's car was stolen on the day of the accident, the other evidentiary proof submitted by the plaintiff failed to satisfy her burden of establishing the existence of a viable cause of action against the appellant (*see Fappiano v City of New York, supra; Luna v Luna,* 263 AD2d 470 [1999]; *Green v Dolphy Constr. Co., supra; Silberstein v Presbyterian Hosp. in City of N.Y.,* 96 AD2d 1096 [1983]). Accordingly, the plaintiff's motion for leave to enter a judgment against the appellant upon her failure to appear or answer and for an assessment of damages should have been denied. For the same reasons, the motion of the defendants Transit Facility Corporation and Jean W. Jean-Paul, which relied exclusively upon "the reasons advanced by the plaintiff," should have been denied. Krausman, J.P., Luciano, Mastro and Lifson, JJ., concur.