■ CRAIG COHEN, Respondent, v PHILLIP SCHUPLER, Doing Business as P.M.G. HOME IMPROVEMENTS, Appellant. [856 NYS2d

870]—In an action to recover damages for breach of contract, the defendant appeals (1) from an order of the Supreme Court, Suffolk County (Mayer, J.), dated October 6, 2006, which granted the plaintiff's motion for leave to enter judgment on the issue of liability against him upon his default in answering and denied his cross motion for leave to serve a late answer, and (2), as limited by his brief, from so much of an order of the same court dated May 21, 2007, as denied that branch of his motion which was for leave to renew his opposition to the prior motion and his cross motion.

Ordered that the order dated October 6, 2006, is reversed, on the law, the facts, and in the exercise of discretion, the plaintiff's motion for leave to enter judgment on the issue of liability against the defendant upon his default in answering is denied, and the defendant's cross motion for leave to serve a late answer is granted; and it is further,

Ordered that the appeal from the order dated May 21, 2007, is dismissed as academic in light of our determination on the appeal from the order dated October 6, 2006; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to enter a default judgment on the issue of liability since the plaintiff failed to present proof of the facts constituting the claim (*see* CPLR 3215 [f]). Neither the conclusory allegations of the complaint nor the affidavit of merit set forth the facts constituting the alleged negligence sufficiently to support a default judgment (*see Beaton v Transit Facility Corp.*, 14 AD3d 637 [2005]). In contrast, the defendant's cross motion for leave to serve a late answer demonstrated both a reasonable excuse for his default and a meritorious defense (*cf. Fekete v Camp Skwere*, 16 AD3d 544, 545 [2005]). Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.