■ CPS Group, Inc., Doing Business as Cynergy Data, Appellant, v Gastro Enterprises, Corp., Doing Business as La Valentina Restaurant, Respondent. [863 NYS2d 764]—

In an action, inter alia, for a judgment declaring that the plaintiff is not liable for the alleged misappropriation of funds by its representative, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated May 30, 2007, as denied its motion for leave to enter judgment against the defendant upon the defendant's default in answering the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is engaged in the business of marketing and selling credit card services to merchants. The defendant, which is in the restaurant business in the state of Florida, allegedly entered into an agreement with the plaintiff pursuant to which

the plaintiff agreed to process credit card payments on the defendant's behalf. After a representative of the plaintiff allegedly misappropriated funds from the defendant's accounts, the plaintiff commenced this action, inter alia, for a judgment declaring that it was not liable for its representative's actions.

The Supreme Court properly denied the plaintiff's motion but for reasons different from those stated in the order appealed from. Contrary to the court's conclusion, the plaintiff's motion was not a motion for leave to renew a prior motion in which it also sought a default judgment. The plaintiff neither denominated the motion as one for leave to renew nor presented new facts on the motion to change the previous determination denying the prior motion (*see* CPLR 2221 [e]). Rather, the motion constituted a second motion for leave to enter a default judgment against the defendant for a subsequent default in answering that occurred after the plaintiff's first motion and a prior cross motion made by the defendant pursuant to CPLR 3211 (a) (4) to dismiss the complaint, both of which had been denied. Further, the plaintiff's submissions in support of the second motion satisfied the technical requirements of CPLR 3215 (f), which allows a verified complaint to be submitted in lieu of an affidavit but does not otherwise require the submission of a verified complaint (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70-71 [2003]).

However, CPLR 3215 (f) "requires that the plaintiff state a viable cause of action" in order to recover upon a defendant's failure to appear or answer (*Beaton v Transit Facility Corp.*, 14 AD3d 637 [2005]). Here, neither the allegations of the complaint nor the plaintiff's affidavit set forth facts sufficient to satisfy the plaintiff's burden of establishing viable claims, inter alia, for declaratory relief as to its purported absence of liability to the defendant for any damages sustained by the alleged misappropriation (*see generally* CPLR 3215 [f]; *Cohen v Schupler*, 51 AD3d 706 [2008]; *Beaton v Transit Facility Corp.*, 14 AD3d 637 [2005]). Thus, leave to enter a default judgment was properly denied (*see Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673, 674 [2006]; *cf. Ahmad v Aniolowiski*, 28 AD3d 692, 693 [2006]; *New York & Presbyt. Hosp. v Auto One Ins. Co.*, 28 AD3d 441, 441-442 [2006]). Skelos, J.P., Ritter, Florio and Carni, JJ., concur.