■ EMIL CHAMBLISS, Appellant, v UNIVERSITY GROUP MEDICAL ASSOCIATES et al., Respondents. [29 NYS3d 48]—

In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals (1), as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Sweeney, J.), dated July 3, 2013, which, among other things, upon renewal and reargument, adhered to its original determination in an order dated June 29, 2012, denying his motion for leave to enter a default judgment against the defendants, and (2) from an order of the same court also dated July 3, 2013, which granted the cross motion of the defendants University Group Medical Associates and Steven Siegel for leave to reargue their prior cross motion to dismiss the complaint insofar as asserted against them, which had been denied in the order dated June 29, 2012, and, upon reargument, granted their cross motion to dismiss the complaint insofar as asserted against them.

Motion by the respondents Mark Joseph and South Island Medical Associates, inter alia, to dismiss the appeal from the first order on the ground that the issues raised on that appeal are barred by the doctrine of *Bray v Cox* (38 NY2d 350 [1976]), or, alternatively, to dismiss the appeal from so much of that order as directed a hearing on the ground that that portion of the order is not appealable as of right. By decision and order on motion of this Court dated June 24, 2014, those branches of the motion were held in abeyance and were referred to the panel of Justices hearing the appeals.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeals, it is

Ordered that those branches of the motion which were to dismiss so much of the appeal from the first order dated July 3, 2013, as seeks review of those issues which could have been raised on the plaintiff's appeal from the order dated June 29, 2012, which appeal was dismissed pursuant to 22 NYCRR 670.8 (e) for failure to timely perfect (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]), and, as upon renewal of that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Mark Joseph and that branch of the cross motion of the defendants Mark Joseph and South

Island Medical Associates which was to compel the plaintiff to accept the defendant Mark Joseph's late answer, adhered to the original determination in the order dated June 29, 2012, directing a hearing to determine whether the defendant Mark Joseph was properly served and holding those branches of the motion and cross motion in abeyance pending such hearing (*see Bank of N.Y. v Segui*, 120 AD3d 1369 [2014]; *1074372 Ontario, Inc. v 200 Corbin Owners Corp.*, 13 AD3d 502 [2004]; *Dudley v Ford Credit Titling Trust*, 307 AD2d 911 [2003]), are granted, and the motion is otherwise denied; and it is further,

Ordered that the first order dated July 3, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that the second order dated July 3, 2013 is modified, on the law, by deleting the provision thereof which, upon reargument, granted the cross motion of the defendants University Group Medical Associates and Steven Siegel to dismiss the complaint insofar as asserted against them, and substituting a provision therefor, upon reargument, denying the cross motion; and it is further,

Ordered that one bill of costs is awarded to the defendants Mark Joseph and South Island Medical Associates payable by the plaintiffs.

In the first order appealed from, the Supreme Court, upon renewal and reargument, properly adhered to its original determination denying the plaintiff's motion for leave to enter a default judgment. "CPLR 3215 (f) 'requires that the plaintiff state a viable cause of action' in order to recover upon a defendant's failure to appear or answer" (*CPS Group, Inc. v Gastro Enters., Corp.*, 54 AD3d 800, 801 [2008], quoting *Beaton v Transit Facility Corp.*, 14 AD3d 637 [2005]). Contrary to the plaintiff's contention, the documents he submitted on renewal of his motion for leave to enter a default judgment, which included the complaint verified by the plaintiff and his affidavit of facts, failed to set forth facts sufficient to satisfy his burden of establishing viable claims, inter alia, to recover damages for medical malpractice and wrongful death (*see CPS Group, Inc. v Gastro Enters., Corp.*, 54 AD3d 800 [2008]; *Cohen v Schupler*, 51 AD3d 706 [2008]; *Beaton v Transit Facility Corp.*, 14 AD3d 637 [2005]). The plaintiff's remaining contentions with respect to the first order appealed from are not properly before this Court in light of our decision and order on motion decided herewith.

In the second order appealed from, the Supreme Court granted reargument and, upon reargument, granted the cross motion of the defendants University Group Medical Associates

and Steven Siegel to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to serve the New York City Health and Hospitals Corporation (hereinafter the HHC) with a notice of claim under General Municipal Law § 50-e (1) (b). We modify.

"When the plain language of the statute is precise and unambiguous, it is determinative" (*Matter of Washington Post Co. v New York State Ins. Dept.*, 61 NY2d 557, 565 [1984]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 76). General Municipal Law § 50-e (1) (b) states that where an action is commenced against an employee of a public benefit corporation, "but not against the public corporation, service of the notice of claim upon the public corporation shall be required *only if* the corporation has a *statutory obligation* to indemnify such person under this chapter or any other provision of law" (emphasis added). General Municipal Law § 50-k expressly conditions the HHC's duty to indemnify an employee upon the employee's compliance with the provisions of General Municipal Law § 50-k (4) (*see* General Municipal Law § 50-k [2], [4]). The notice of claim requirement set forth in General Municipal Law § 50-e (1) (b) is not triggered where the employee fails to comply with the provisions of General Municipal Law § 50-k (4) (*see Hassan v Woodhull Hosp. & Med. Ctr.*, 282 AD2d 709, 710-711 [2001]). Therefore, in order to prevail on their cross motion to dismiss the complaint on the ground that the plaintiff failed to serve a notice of claim on the HHC, University Group Medical Associates and Steven Siegel had to offer evidence that they complied with the requirements of General Municipal Law § 50-k (4). Since they failed to do so, the Supreme Court should have adhered to its original determination denying the cross motion.

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.