■ Duvar Ayers et al., Appellants, v Avinash Mohan, M.D., et al., Respondents, et al., Defendants. [44 NYS3d 29]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered June 16, 2015, which granted defendants Avinash Mohan, M.D. and Robert Fekete, M.D.'s motion to dismiss the complaint as against them for failure to serve a notice of claim upon nonparty Westchester County Health Care Corporation, unanimously reversed, on the law, without costs, and the motion denied.

Defendants Mohan and Fekete are physicians employed by New York Medical College who provided medical treatment to plaintiff Duvar Ayers at nonparty Westchester County Medical Center (the medical center). The medical center is maintained by nonparty Westchester County Health Care Corporation (the corporation), a public benefit corporation established by Public Authorities Law § 3301 (*see also* Public Authorities Law § 3302 [3]).

Defendants failed to demonstrate that plaintiffs were required to serve notice of claim upon the corporation. Public Authorities Law § 3316 (1) provides that notice of claim against the corporation's employees shall be served upon the corporation "within the time limit set by and in compliance with" General Municipal Law § 50-e. "[G]iving effect to the plain meaning [of this statutory language]" (*see Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce*, 21 NY3d 55, 60 [2013]), we conclude, contrary to the motion court, that section 3316 (1) incorporates all the provisions of General Municipal Law § 50-e, not solely those governing the timing and method of service. General Municipal Law § 50-e (1) (b) provides that "[i]f an action or special proceeding is commenced against [an employee], but not against the public corporation, service of the notice of claim upon the public corporation shall be required *only if* the corporation has a statutory obligation to indemnify [the employee]" (emphasis added).

By statute, the corporation is obligated to defend and indemnify an employee in an action arising out of any alleged act or omission that occurred while the employee was acting within the scope of his public employment, "conditioned upon" the employee's delivery to it of a written request for a defense with a copy of the summons and complaint within 10 days after he is served with the complaint (Public Authorities Law § 3318; Public Officers Law § 18 [3], [4], [5]).

Defendants failed to establish prima facie that they were employees entitled to indemnification by the corporation, rather than independent contractors, who are excluded from the statutory definition of "employees" (Public Officers Law § 18 [1] [b]; *see Smith v Das*, 126 AD3d 462 [1st Dept 2015]). Moreover,

they failed to show that they delivered to the corporation a written request for indemnification so as to trigger the corporation's statutory obligation (Public Officers Law § 18 [5]; General Municipal Law § 50-e [1] [b]; *see Chambliss v University Group Med. Assoc.*, 137 AD3d 1183 [2d Dept 2016]; *Hassan v Woodhull Hosp. & Med. Ctr.*, 282 AD2d 709, 710-711 [2d Dept 2001]; *cf. Villar v Howard*, 28 NY3d 74, 79 [2016] [notice of claim requirement not triggered by non-statutory obligation to indemnify]).

Our conclusion in this case is consistent with the "important public purpose [of the notice of claim], enabling authorities to promptly investigate the site of an alleged accident and assess municipal exposure to liability" (*Brown v City of New York*, 95 NY2d 389, 394 [2000]). If the corporation has no potential statutory liability as a result of this action, there is no reason for plaintiffs to serve it with notice of claim. Concur—Acosta, J.P., Andrias, Moskowitz, Gische and Webber, JJ.