Pinzon v United Rentals N. Am., Inc. (2024 NY Slip Op 01735)

Pinzon v United Rentals N. Am., Inc.

2024 NY Slip Op 01735

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-09425 
2021-09426
 (Index No. 702223/21)

[*1]Diana P. Pinzon, respondent, 
v
United Rentals North America, Inc., et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Philip W. Young and Susan Paulson of counsel), for appellants.
Jay David Umans, Garden City, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated November 15, 2021, and (2) an order of the same court, also dated November 15, 2021. The first order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The second order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the first order is reversed insofar as appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied; and it is further,
ORDERED that the second order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant United Rentals North America, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The plaintiff allegedly was injured when a motor vehicle operated by the defendant John F. Roesch, Jr., an employee with the New York City Department of Transportation (hereinafter DOT), struck the vehicle the plaintiff was operating. The vehicle Roesch was operating was owned by the defendant United Rentals North America, Inc. (hereinafter United), which allegedly leased the vehicle to the DOT. The plaintiff commenced this action to recover damages for personal injuries against United and Roesch.
The plaintiff subsequently moved, inter alia, for summary judgment on the issue of liability against both defendants. Thereafter, the defendants moved for summary judgment dismissing the complaint. The Supreme Court, among other things, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and, in a separate order, [*2]denied the defendants' motion for summary judgment dismissing the complaint. The defendants appeal from both orders.
Under the Graves Amendment, an owner of a motor vehicle which rents that vehicle to another cannot be held vicariously liable for personal injuries resulting from the use of the vehicle "during the period of the rental" if the owner: (1) "is engaged in the trade or business of renting or leasing motor vehicles"; and (2) "there is no negligence or criminal wrongdoing on the part of the owner" (49 USC § 30106[a]; see Keys v PV Holding Corp., 205 AD3d 787, 789; Harewood v Zip Car, 189 AD3d 1192, 1193; Currie v Mansoor, 159 AD3d 797, 798). Here, the defendants established, prima facie, (1) that United owned the subject vehicle operated by Roesch, (2) that United engaged in the business of leasing or renting motor vehicles, (3) that the subject accident occurred during the period of the lease or rental, and (4) that there is no triable issue of fact as to the plaintiff's allegation of negligent maintenance contributing to the accident (see Dowd v Kharieh Bros., Inc., 216 AD3d 739, 741; Caputo v Brown, 196 AD3d 456, 458; cf. Olmann v Neil, 132 AD3d 744, 746). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against United and should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against United.
However, the defendants failed to establish their entitlement to summary judgment dismissing the complaint insofar as asserted against Roesch on the ground that the plaintiff was required to serve a notice of claim upon the City of New York. "General Municipal Law § 50-e(1)(b) states that where an action is commenced against an employee of a public benefit corporation, 'but not against the public corporation, service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law'" (Chambliss v University Group Med. Assoc., 137 AD3d 1183, 1185, quoting General Municipal Law § 50-e[1][b]). General Municipal Law § 50-k expressly conditions the City's duty to indemnify an employee upon the employee's compliance with the provisions of General Municipal Law § 50-k(4) (see Chambliss v University Group Med. Assoc., 137 AD3d at 1185). "The notice of claim requirement set forth in General Municipal Law § 50-e(1)(b) is not triggered where the employee fails to comply with the provisions of General Municipal Law § 50-k(4)" (id.). Here, the defendants failed to establish, prima facie, that Roesch complied with the requirements of General Municipal Law § 50-k(4) (see Ayers v Mohan, 145 AD3d 553, 554; Chambliss v University Group Med. Assoc., 137 AD3d at 1185; Hassan v Woodhull Hosp. & Med. Ctr., 282 AD2d 709, 710-711). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Roesch, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Nevertheless, as the defendants raised triable issues of fact as to whether the plaintiff was required to serve a notice of claim on the City, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against Roesch.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court