| **Orlowski v Wolchok** |
| 2024 NY Slip Op 33259(U) |
| September 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 453305/2021 |
| Judge: Judy H. Kim |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. JUDY H. KIM                                PART          04 M
                                              *Justice*
-------------------------------------------------------------------X
RICHARD ORLOWSKI,                                      INDEX NO.        453305/2021

                          Plaintiff,

                   - v -                               **DECISION + ORDER ON**
                                                       **MOTION (Seq. No. 002)**
JAMES M. WOLCHOK, ROBERT L. WOLCHOK,

                          Defendants.
-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for          _____JUDGMENT - DEFAULT_____.


Upon the foregoing documents, plaintiff's motion for consolidation is granted and plaintiff's motion for a default judgment is denied for the reasons set forth below.

On April 13, 2021, plaintiff commenced this negligence action to recover for injuries allegedly sustained on September 10, 2020, while performing construction work at 77 Franklin Street, County, City and State of New York (NYSCEF Doc. No. 1 [Comp. at ¶ 39]). Thereafter, defendants commenced a third-party action against Zibigniew Lankamer and Nice Floors Corp., asserting claims for contribution and indemnity. On September 5, 2023, plaintiff commenced another action in New York State Supreme Court, New York County, Richard Orlowski v 77 Franklin Street LLC, as successor in interest to James M. Wolchok and Robert L. Wolchok, Robert L. Wolchok, Inc., Zbigniew Lankamer, and Nice Floors Corp., under index number 158771/2023 (the "2023 Action"). Plaintiff now moves, pursuant to CPLR 602, to consolidate the 2023 Action

[* 1]

within the instant proceeding and, upon consolidation, for a default judgment on its claims against defendant Nice Floors Corp.

## DISCUSSION

Plaintiff's motion to consolidate is granted without opposition. "Consolidation is generally favored in the interest of judicial economy ... where cases present common questions of law and fact, unless the party opposing the motion demonstrates that a consolidation will prejudice a substantial right" (Raboy v McCrory Corp, 210 AD2d 145 [1st Dept 1994] [internal citations omitted]) and it is undisputed that both actions at issue here arise out of the same set of facts and common questions of law arising from plaintiff's alleged injury on September 10, 2020.

Plaintiff's motion for a default judgment against Nice Floors Corp. is denied, however. To establish his entitlement to a default judgment pursuant to CPLR 3215, plaintiff is required to submit proof of: (1) proper service of the summons and complaint; (2) the facts constituting the claim; and (3) defendants' default in answering or appearing (See Gordon Law Firm, P.C. v Premier DNA Corp., 165 NYS3d 691 [1st Dept 2022]). However, "CPLR 3215 does not contemplate that default judgments are to be rubberstamped once jurisdiction and a failure to appear has been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Feffer v Malpeso, 210 AD2d 60, [1st Dept 1994]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (Id.).

Plaintiff has failed to meet this standard. As an initial matter, plaintiff's allegations against Nice Floors Corp.—set out in the complaint in the 2023 Action—are verified only by counsel and are therefore insufficient to sustain a default judgment in the absence of an affidavit of merit (Martinez v Reiner, 104 AD3d 477, 478 [1st Dept 2013] [internal citations and quotations

[* 2]

omitted]; <u>see also</u> <u>Saks v New York City Health & Hospitals Corp.</u>, 302 AD2d 213 [1st Dept 2003]). In any event, the complaint in the 2023 Action—now consolidated with the complaint in this action—alleges only that defendants were careless, reckless, and negligent in allowing dangerous and hazardous conditions to exist without any specific facts as to the condition that caused plaintiff's injury or the defaulting defendant's role in creating or failing to remedy this condition (<u>See</u> <u>e.g.</u>, <u>Celnick v Freitag</u>, 242 AD2d 436, 437 [1st Dept 1997]; <u>Cohen v Schupler</u>, 51 AD3d 706 [2d Dept 2008]).

Accordingly, it is

**ORDERED** that the branch of plaintiff's motion to consolidate is granted and the action captioned <u>Richard Orlowski v 77 Franklin Street LLC, as successor in interest to James M. Wolchok and Robert L. Wolchok, Robert L. Wolchok, Inc., Zbigniew Lankamer, and Nice Floors Corp.</u>, under index number 158771/2023 pending in the New York State Supreme Court, New York County, shall be consolidated within the instant action; and it is further

**ORDERED** that, upon consolidation, James M. Wolchok and Robert L. Wolchok's third party claims against Zibigniew Lankamer and Nice Floors Corp. shall be converted to cross-claims; and it is further

**ORDERED** that the consolidation shall take place under New York County index number 453305/2021; and it is further

**ORDERED** that the consolidated action shall bear the following caption:

(continued on next page)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------------X
RICHARD ORLOWSKI,

        Plaintiff,       Index No. 453305/2021

    -against-

JAMES M. WOLCHOK, ROBERT L. WOLCHOK,
77 FRANKLIN STREET LLC, as successor in interest to
JAMES M. WOLCHOK and ROBERT L. WOLCHOK,
ROBERT L. WOLCHOK, INC. ZBIGNIEW LANKAMER,
and NICE FLOORS CORP.,

        Defendants.
-----------------------------------------------------------------------------X

   and it is further

   **ORDERED** that the branch of plaintiff's motion for a default judgment as against Nice

Floors Corp. is denied, without prejudice; and it is further

   **ORDERED** that, within twenty days of the date of this decision and order, plaintiff shall

serve a copy of this decision and order, with notice of entry, upon all defendants as well as the

Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60

Centre Street, Room 119); and it is further

   **ORDERED** that such service upon the Clerk of the Court and the Clerk of the General

Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on

Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the

"EFiling" page on this court's website at the address www.nycourts.gov/supctmanh).

   This constitutes the decision and order of the Court.

DATE: **9/17/2024**              HON. JUDY H. KIM, JSC

**Check One:**   ☐ **Case Disposed**    ☒ **Non-Final Disposition**

**Check if Appropriate:**  ☒ **Other (Specify** _Consolidation_          **)**