| **Maisano v Amsterdam Nursing Home Corp.** |
|:---:|
| 2024 NY Slip Op 33592(U) |
| October 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159648/2023 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. JOHN J. KELLEY**                    PART            56M

*Justice*

-----------------------------------------------------------------------------X

THOMAS MAISANO, as Proposed Administrator of
the Estate of MARILYN ROSENTHAL, Deceased,

                              Plaintiff,

                         - v -

AMSTERDAM NURSING HOME CORPORATION,

                            Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159648/2023 |
| MOTION DATE | 02/07/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 6, 7, 8, 9, 10, 11, 12, 13

were read on this motion to/for             JUDGMENT - DEFAULT        .

In this action to recover damages for medical malpractice and statutory nursing home negligence, the plaintiff moves pursuant to CPLR 3215(a) and (b) for leave to enter a default judgment against the defendant on the issue of liability. Although the defendant did not oppose the motion, the motion nonetheless is denied, without prejudice to renewal on proper papers, as set forth herein.

Where a plaintiff moves for leave to enter a default judgment, he or she must submit proof of service of the summons and complaint upon the defaulting defendant, proof of the defendant's default, and proof of the facts constituting the claim (*see* CPLR 3215[f]; *Woodson v Mendon Leasing Corp*., 100 NY2d 62, 70-71 [2003]; *Gray v Doyle*, 170 AD3d 969, 971 [2d Dept 2019]; *Rivera v Correction Officer L. Banks*, 135 AD3d 621, 622 [1st Dept 2016]; *Atlantic Cas. Ins. Co. v RJNJ Services, Inc*. 89 AD3d 649, 651 [2d Dept 2011]; *see also Manhattan Telecom. Corp. v H & A Locksmith, Inc.*, 21 NY3d 200, 202 [2013]).

The relevant affidavit of service here established that, on October 6, 2023, the plaintiff served process upon the defendant corporation by delivering two copies of the summons and

[* 1]

complaint to the New York State Secretary of State (*see* CPLR 311[a][i]; Business Corporation Law § 306), and also delivering another copy of the summons and complaint on October 11, 2023 at the administration department at defendant's place of business to Avrami Reifam, a person who allegedly represented to the plaintiff's process server that he was authorized to accept service of process on behalf of the defendant (*see* CPLR 311[a][i]) [agent authorized by appointment to receive service]).  Inasmuch as a process server's affidavit of service is prima facie evidence of proper service (*see Johnson v Deas*, 32 AD3d 253, 254 [1st Dept 2006]), and the defendant did not oppose this motion, the defendant was required to appear, answer, or move with respect to the complaint on or before the first business day 30 days after service upon the Secretary of State (*see* CPLR 3102[c]; General Construction Law § 25-a), that is, on or before November 6, 2023.

The affirmation of the plaintiff's attorney established that the defendant neither answered, moved, nor appeared in a timely manner on or before November 6, 2023, and that the defendant thus was in default as of November 7, 2023.  The plaintiff made the instant motion on January 17, 2024 (*see* CPLR 2211) and, thus, within one year after the defendant's default.  The plaintiff's motion is thus timely (*see* CPLR 3215[c]).

With respect to the proof of the facts constituting the claim,

> "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown.  Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action (*see*, 4 Weinstein-Korn-Miller, NY Civ Prac paras. 3215.22-3215.27).  The standard of proof is not stringent, amounting only to some *firsthand confirmation* of the facts"

(*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987] [emphasis added]; *see Martinez v Reiner*, 104 AD3d 477, 478 [1st Dept 2013]; *Beltre v Babu*, 32 AD3d 722, 723 [1st Dept 2006]).  Stated another way, while the "quantum of proof necessary to support an application for a default judgment is not exacting . . . some firsthand confirmation of the facts forming the basis of the claim must be proffered" (*Guzetti v City of New York*, 32 AD3d 234, 236 [1st Dept 2006]).  In

159648/2023   MAISANO, THOMAS vs. AMSTERDAM NURSING HOME CORPORATION
Motion No.  001

Page 2 of 6

[* 2]

2 of 6

other words, the proof submitted must establish a prima facie case (*see id*.; *Silberstein v Presbyterian Hosp*., 95 AD2d 773 [2d Dept 1983]).  In moving for leave to enter a default judgment, the plaintiff must "state a viable cause of action" (*Fappiano v City of New York*, 5 AD3d 627, 628 [2d Dept 2004]).  "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co.*, 187 AD2d 635, 636 [2d Dept 1992]; *see Walley v Leatherstocking Healthcare, LLC*, 79 AD3d 1236, 1238 [3d Dept 2010]).  In evaluating whether the plaintiff has fulfilled this obligation, the defendant, as the defaulting party, is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]).  The court, however, must still reach the legal conclusion that those factual allegations establish a prima facie case (*see Matter of Dyno v Rose*, 260 AD2d 694, 698 [3d Dept 1999]).

Proof that the plaintiff has submitted "enough facts to enable [the] court to determine that a viable" cause of action exists (*Woodson v Mendon Leasing Corp*., 100 NY2d at 71; *see Gray v Doyle*, 170 AD3d at 971) may be established by an affidavit of a party or someone with knowledge, authenticated documentary proof, or by a complaint verified by the plaintiff that sufficiently details the facts and the basis for the defendant's liability (*see* CPLR 105[u]; *Woodson v Mendon Leasing Corp*., 100 NY2d at 71; *Gray v Doyle*, 170 AD3d at 971; *Voelker v Bodum USA, Inc*., 149 AD3d 587, 587 [1st Dept 2017]; *Al Fayed v Barak*, 39 AD3d 371, 371 [1st Dept 2007]; *see also Michael v Atlas Restoration Corp*., 159 AD3d 980, 982 [2d Dept 2018]; *Zino v Joab Taxi, Inc*., 20 AD3d 521, 522 [2d Dept 2005]; *see generally Mitrani Plasterers Co., Inc. v SCG Contr. Corp*., 97 AD3d 552, 553 [2d Dept 2012]).  For purposes of CPLR 3215, a complaint verified by a party may be employed as proof of the facts constituting the claim (*see* CPLR 105[u]), but only where it sets forth sufficient, detailed evidentiary facts, rather than mere conclusions (*see Celnick v Freitag*, 242 AD2d 436, 437 [1st Dept 1997]).  A verified complaint that is conclusory in nature and devoid of factual allegations constituting the claim is insufficient

159648/2023   MAISANO, THOMAS vs. AMSTERDAM NURSING HOME CORPORATION
Motion No.  001

Page 3 of 6

3 of 6

[* 3]

to demonstrate the requisite proof (*see Cohen v Schuple*r, 51 AD3d 706, 707 [2d Dept 2008]; *Luna v Luna*, 263 AD2d 470 [2d Dept 1999]).  In other words, the verified complaint must "set forth the facts constituting the alleged negligence" (*Beaton v Transit Facility Corp.*, 14 AD3d 637, 637 [2d Dept 2005]).

With respect to the proof of the facts underlying his claims, the plaintiff relied only upon her attorney's affirmation and his own affidavit.  Crucially, in the context of a malpractice action based upon alleged departures from good and accepted professional practice, or statutory violations arising from care rendered at a nursing home, an affidavit or affirmation of merit from an expert is required unless the matters alleged are within the ordinary experience and knowledge of a lay person (*see Fiore v Galang*, 64 NY2d 999, 1000-1001 [1985]; *Bollinger v Mark Mordechai Liechtung, DMD, P.C.*, 2023 NY Slip Op 31537[U], *5, 2023 NY Misc LEXIS 2231, *6 [Sup Ct, N.Y. County, May 5, 2023] [Kelley, J.]; *Checo v Mwando*, 2022 NY Slip Op 31223[U], *4, 2022 NY Misc LEXIS 1865, *5 [Sup Ct, N.Y. County, Apr. 7, 2022] [Kelley, J.]; *Garcia v Solomon*,  2020 NY Misc LEXIS 17635, *2 [Sup Ct, Bronx County, Jun. 19, 2020]; *Charles v Wolfson*, 62 Misc 3d 1224[A], 2019 NY Slip Op 50251[U], *1, 2019 NY Misc LEXIS 866, *3 [Sup Ct, Bronx County, Mar 6, 2019]; *see generally Burindaro v Grinberg*, 57 AD3d 932, 933 [2d Dept 2008] ["plaintiff failed to demonstrate the existence of a meritorious cause of action" in medical malpractice case]).

Although a motion for leave to enter a default judgment may be granted against a health-care provider in a malpractice action where the plaintiff submits an expert affirmation or affidavit, or even a peer-review document (*see Global Liberty Ins. Co. v W. Joseph Gorum, M.D., P.C.*, 143 AD3d 768, 769-770 [2d Dept 2016]; *Diaz v Perez*, 113 AD3d 421, 421-422 [1st Dept 2014]), such a motion must be denied even where such an affidavit or affirmation is submitted, but is found to be insufficient (*see Durr v New York Community Hosp.,* 43 AD3d 388, 389 [2d Dept 2007]; *cf. Willaims v D'Angelo*, 24 AD3d 538, 539 [2d Dept 2005] [expert affirmation of merit is required to restore a medical malpractice action to the trial calendar pursuant to CPLR 3404

**159648/2023   MAISANO, THOMAS vs. AMSTERDAM NURSING HOME CORPORATION**              Page 4 of 6
  **Motion No.  001**

4 of 6

after it had been marked off the calendar for more than one year]; *American Tr. Ins. Co. v Excell Clinical Lab*, 2020 NY Slip Op 34123[U], *4, 2020 NY Misc LEXIS 10480, *4 [Sup Ct, N.Y. County, Dec. 10, 2020] [expert affirmation of merit is required by no-fault automobile insurer to support its request to enter default judgment declaring that it was not obligated to pay benefits to non-appearing health-care provider, where the basis for its disclaimer was that the treatment rendered by provider was not medically necessary]).

The complaint here alleged malpractice and statutory violations in very general, conclusory, and boilerplate language. Specifically, it alleged that the defendant, which operated an adult assisted living care facility in which the plaintiff's mother resided, failed to develop or implement proper disease and infection prevention protocols necessary to prevent the spread of COVID-19. The complaint further alleged that, as a consequence of the defendant's failures in this regard, the plaintiff's mother contracted COVID-19 and died therefrom. In his affidavit, the plaintiff stated only that, "[o]n or about February 20, 2016, continuing to, and including November 8, 2021, Plaintiff-Decedent was caused to suffer grave bodily injury, complications, severe personal injuries and wrongful death," and that, after conferring with his attorneys, he believed that he had a meritorious claim against the defendant. Expert testimony is required where a plaintiff seeks to establish that a facility such as that operated by the defendant deviated from accepted standards of professional care, and a plaintiff may not rely solely on "common knowledge" where the relevant issue is whether the facility properly exercised professional skill and judgment (*see De Leon v Hospital of Albert Einstein Coll. of Medicine*, 164 AD2d 743, 748 [1st Dept 1991]). Critically, the nature of the departures from good and accepted practice and violations of statute, in the context of the spread of an infectious virus, as the plaintiff alleged here, provides a perfect example of the class of departures that a non-expert, lay person would be completely unqualified to assess in the absence of an expert affirmation or expert testimony. Hence, the plaintiff's affidavit was insufficient to support the entry of a default judgment against the defendant in connection with this action (*see LoGiudice v*

159648/2023   MAISANO, THOMAS vs. AMSTERDAM NURSING HOME CORPORATION
Motion No.  001

Page 5 of 6

*Zavarella*, 2019 NY Misc LEXIS 16235 [Sup Ct, Suffolk County, Nov. 27, 2019]; *Charles v Wolfson*, 2019 NY Slip Op 50251[U], 62 Misc 3d 1224[A]).

Accordingly, it is,

ORDERED that the motion is denied, without prejudice to renewal upon proper papers that include an expert's affirmation or affidavit.

This constitutes the Decision and Order of the court.

__10/8/2024__
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159648/2023   MAISANO, THOMAS vs. AMSTERDAM NURSING HOME CORPORATION**
**Motion No.  001**

**Page 6 of 6**

[* 6]