| Corvera v Ritz |
|:---:|
| 2026 NY Slip Op 30755(U) |
| February 27, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 805067/2025 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. JOHN J. KELLEY                          PART                    56M

_Justice_

----------------------------------------------------------------------X

LUIS CORVERA,

                           Plaintiff,

                  - v -

DAVID RITZ, D.O., OMAR WAIN, D.O., SOUTH NASSAU
COMMUNITIES HOSPITAL, doing business as MOUNT
SINAI SOUTH NASSAU, ICAHN SCHOOL OF MEDICINE,
MOUNT SINAI HEALTH SYSTEMS, INC., and LONG
ISLAND SURGICAL, PLLC,

                           Defendants.

----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 805067/2025 |
| MOTION DATE | 02/20/2026 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 46, 47, 48, 49, 50 were read on this motion to/for _____ JUDGMENT - DEFAULT _____ .

In this action to recover damages for medical malpractice based on alleged departures from good and accepted practice, the plaintiff moves pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Mount Sinai Health Systems, Inc. (MSHS), on the issue of liability, and to schedule an inquest to assess damages against MSHS. Although MSHS does not oppose the motion, the motion nonetheless is denied.

Where a plaintiff moves for leave to enter a default judgment, he or she must submit proof of service of the summons and complaint upon the defaulting defendants, proof of the defendant's default, and proof of the facts constituting the claim or claims (_see_ CPLR 3215[f]; _Woodson v Mendon Leasing Corp_., 100 NY2d 62, 70-71 [2003]; _Bigio v Gooding_, 213 AD3d 480, 481 [1st Dept 2023]; _Gray v Doyle_, 170 AD3d 969, 971 [2d Dept 2019]; _Gantt v North Shore-LIJ Health Sys_., 140 AD3d 418, 418 [1st Dept 2016]; _Atlantic Cas. Ins. Co. v RJNJ Services, Inc_. 89 AD3d 649, 651 [2d Dept 2011]; _see also Manhattan Telecom. Corp. v H & A Locksmith, Inc._, 21 NY3d 200, 202 [2013]).

805067/2025   CORVERA, LUIS vs. RITZ DO, DAVID ET AL
Motion No.  003

Page 1 of 6

According to the relevant affidavit of service that was executed by the plaintiff's process server, two copies of the summons and complaint in this action were served upon MSHS on March 21, 2025 by personally delivering those papers to the New York State Secretary of State and paying the statutory fee. Inasmuch as a process server's affidavit of service is prima facie evidence of proper service (*see Johnson v Deas*, 32 AD3d 253, 254 [1st Dept 2006]), and MSHS did not oppose this motion, the plaintiff made a prima facie showing that MSHS was properly served with the summons and complaint in accordance with CPLR 311(a) and Business Corporation Law § 306. Since service upon MSHS was not made by personal delivery to an appropriate officer, director, or employee of that corporation, that defendant thus was required to answer, appear, or move with respect to the complaint no later than the first business date 30 days subsequent to March 21, 2025 (*see* CPLR 3012[c]; *Wu v Uber Tech., Inc.*, 43 NY3d 288, 292 [2024]), that is, by April 21, 2025 (*see* General Construction Law §§ 20, 25-a). The affirmation of the plaintiffs' attorney established that MSHS did not answer, appear, or move with respect to the complaint by April 21, 2025, and, hence, that it was in default as of April 22, 2025. Moreover, the plaintiffs made the instant motion within one year of that default (*see* CPLR 3215[c]) and, thus, the motion is timely.

With respect to the proof of the facts constituting the claim, however,

> "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action (*see*, 4 Weinstein-Korn-Miller, NY Civ Prac paras. 3215.22-3215.27). The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts"

(*Joosten v Gale*, 129 AD2d 531, 535 [1st Dept 1987]; *see Martinez v Reiner*, 104 AD3d 477, 478 [1st Dept 2013]; *Beltre v Babu*, 32 AD3d 722, 723 [1st Dept 2006]). Stated another way, while the "quantum of proof necessary to support an application for a default judgment is not exacting . . . some firsthand confirmation of the facts forming the basis of the claim must be proffered" (*Guzetti v City of New York*, 32 AD3d 234, 236 [1st Dept 2006]). In other words, the

805067/2025   CORVERA, LUIS vs. RITZ DO, DAVID ET AL
Motion No. 003

Page 2 of 6

proof submitted must establish a prima facie case (*see id*.; *Silberstein v Presbyterian Hosp*., 95 AD2d 773 [2d Dept 1983]).  "Where a valid cause of action is not stated, the party moving for judgment is not entitled to the requested relief, even on default" (*Green v Dolphy Constr. Co*., 187 AD2d 635, 636 [2d Dept 1992]; *see Walley v Leatherstocking Healthcare, LLC*, 79 AD3d 1236, 1238 [3d Dept 2010]).  In moving for leave to enter a default judgment, the plaintiff must "state a viable cause of action" (*Fappiano v City of New York*, 5 AD3d 627, 628 [2d Dept 2004]).  In evaluating whether the plaintiff has fulfilled this obligation, the defendant, as the defaulting party, is "deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 71 [2003]).  The court, however, must still reach the legal conclusion that those factual allegations establish a prima facie case (*see Matter of Dyno v Rose*, 260 AD2d 694, 698 [3d Dept 1999]).

Proof that a plaintiff has submitted "enough facts to enable [the] court to determine that a viable" cause of action exists (*Woodson v Mendon Leasing Corp*., 100 NY2d at 71; *see Gray v Doyle*, 170 AD3d at 971) may be established by an affidavit of a party or someone with knowledge, authenticated documentary proof, or by a complaint verified by the plaintiff that sufficiently details the facts and the basis for the defendant's liability (*see* CPLR 105[u]; *Woodson v Mendon Leasing Corp*., 100 NY2d at 71; *Gray v Doyle*, 170 AD3d at 971; *Voelker v Bodum USA, Inc*., 149 AD3d 587, 587 [1st Dept 2017]; *Al Fayed v Barak*, 39 AD3d 371, 371 [1st Dept 2007]; *see also Michael v Atlas Restoration Corp*., 159 AD3d 980, 982 [2d Dept 2018]; *Zino v Joab Taxi, Inc*., 20 AD3d 521, 522 [2d Dept 2005]; *see generally Mitrani Plasterers Co., Inc. v SCG Contr. Corp*., 97 AD3d 552, 553 [2d Dept 2012]).  For purposes of CPLR 3215, a complaint verified by a party may be employed as proof of the facts constituting the claim (*see* CPLR 105[u]), but only where it sets forth sufficient, detailed evidentiary facts, rather than mere conclusions (*see Celnick v Freitag*, 242 AD2d 436, 437 [1st Dept 1997]).  A verified complaint that is conclusory in nature and devoid of factual allegations constituting the claim is insufficient

805067/2025   CORVERA, LUIS vs. RITZ DO, DAVID ET AL
Motion No.  003

Page 3 of 6

3 of 6

to demonstrate the requisite proof (*see Cohen v Schuple*r, 51 AD3d 706, 707 [2d Dept 2008]; *Luna v Luna*, 263 AD2d 470 [2d Dept 1999]). In other words, the verified complaint must "set forth the facts constituting the alleged negligence" (*Beaton v Transit Facility Corp.*, 14 AD3d 637, 637 [2d Dept 2005]) or wrongdoing.

The complaint in this action, however, was verified only by the plaintiffs' attorney. Moreover, while the plaintiff submitted his own affidavit, he did not attest to any actual facts underlying the treatment and care that any of the defendants rendered to him, except for vague and general allegations that MSHS committed malpractice, and that he was thus caused to sustain a perforation of the right common iliac artery, necessitating an exploratory laparotomy and a vascular repair, with a bovine patch angioplasty and other sequellae. He essentially incorporated by reference the similar allegations that he set forth in the complaint that had been verified by his attorney.

The plaintiff, however, was not qualified to provide full proof of such facts as they apply to the malpractice cause of action insofar as asserted against MSHS. Crucially, in the context of a medical malpractice action, an affidavit or affirmation of merit from an expert is required to support a CPLR 3215 motion, unless the matters alleged are within the ordinary experience and knowledge of a lay person (*see Fiore v Galang*, 64 NY2d 999, 1000-1001 [1985]; *Bollinger v Mark Mordechai Liechtung, DMD, P.C.*, 2023 NY Slip Op 31537[U], *5, 2023 NY Misc LEXIS 2231, *6 [Sup Ct, N.Y. County, May 5, 2023] [Kelley, J.]; *Checo v Mwando*, 2022 NY Slip Op 31223[U], *4, 2022 NY Misc LEXIS 1865, *5 [Sup Ct, N.Y. County, Apr. 7, 2022] [Kelley, J.]; *Garcia v Solomon,* 2020 NY Misc LEXIS 17635, *2 [Sup Ct, Bronx County, Jun. 19, 2020]; *Charles v Wolfson*, 62 Misc 3d 1224[A], 2019 NY Slip Op 50251[U], *1, 2019 NY Misc LEXIS 866, *3 [Sup Ct, Bronx County, Mar 6, 2019]).

Here, the quality and propriety of the medical services rendered to the plaintiff, and whether any MSHS employee comported with the applicable standards of care in rendering them, are not within the ordinary experience and knowledge of a lay person, but can only be

**805067/2025   CORVERA, LUIS vs. RITZ DO, DAVID ET AL**
**Motion No.  003**

**Page 4 of 6**

4 of 6

assessed by a physician. This is so because the primary allegations made by the plaintiff here are that MSHS's liability arose from the malpractice of its purported medical employees in rendering treatment to him. The court notes that the plaintiff made no specific allegations as to the nature and extent of that treatment, the examinations and diagnostic testing that any of MSHS's employees performed, the evaluations of any test results that they conducted, the procedures that they performed, and the medications that they administered, or any medical basis for the claim that any departures in these respects caused or contributed to the plaintiff's perforated right common iliac artery. Even had the plaintiff made such allegations, a physician's affirmation or affidavit nonetheless is required to establish the facts underlying the medical malpractice cause of action.

Moreover, as this court has held on several occasions, MSHS is a corporation that does not provide medical care or treatment to any patients, including the plaintiff here, and employs no one for the purpose of providing medical care or treatment. Rather, it merely provides business and management oversight and coordination to the several hospitals and entities operating under the Mount Sinai umbrella that do, in fact, provide medical care and treatment (*see Waheed v Barar,* 2025 NY Slip Op 33477[U], *7, 2025 NY Misc LEXIS 7633, *11 [Sup Ct, N.Y. County, Sep. 15, 2025] [Kelley, J.]; *Koller v Kolev,* 2025 NY Slip Op 32869[U], *27, 2025 NY Misc LEXIS 6776, *50-51 [Sup Ct, N.Y. County, Jul. 18, 2025] [Kelley, J.]; *Vallone v Vulcano*, 2022 NY Slip Op 32099[U], *16, 2022 NY Misc LEXIS 11310, *29-30 [Sup Ct, N.Y. County, Jun. 30, 2022] [Kelley, J.]; *see also Garcia v Global Prop. Servs., Inc.*, 2018 NY Slip Op 30957[U], *7-8, 23, 2018 NY Misc LEXIS 1870, *9-10, 34 [Sup Ct, Bronx County, Apr. 3, 2018]). The plaintiff failed to submit proof of any fact that MSHS can be held liable for malpractice and, hence, that it was a proper party to this action in the first instance. For this reason, and also because the plaintiff did not submit an expert affirmation or affidavit to establish that the services rendered by any individual employed by MSHS deviated from an established standard of care, the plaintiff has failed to establish his entitlement to a default judgment against MSHS.

**805067/2025   CORVERA, LUIS vs. RITZ DO, DAVID ET AL**
**Motion No.  003**

Page 5 of 6

Accordingly, it is,

ORDERED that the plaintiff's motion is denied.

This constitutes the Decision and Order of the court.

_____2/27/2026_____
**DATE**

_____
**JOHN J. KELLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**805067/2025   CORVERA, LUIS vs. RITZ DO, DAVID ET AL**
**Motion No.  003**

Page 6 of 6